THE STATE OF NEBRASKA, EX REL. WILLIAM GRADY, v. THE BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY.

1. **Counties and County Officers.** Counties and county boards. can only exercise such powers as are expressly granted by stat. ute, and such grant of power must be strictly construed.

2. ———: BONDS FOR JAIL. Under the provisions of the law of 1879, now in force, county commissioners have no authority to. issue county bonds for the purpose of raising money to build a jail, and a vote of the people of the county instructing them to. issue such bonds will confer no authority so to do.

ORIGINAL application for mandamus.

*Snelling & Talbot,* for relator.

*Hinman & Nesbitt,* for respondent.

REESE, J.

The question presented for decision in this case is, whether or not counties have authority to borrow money by the issuance of bonds, for the purpose of constructing a. county jail.

It is well settled in this state that counties have no inherent power, and that their commissioners, or agents, acting for them, have only such powers, generally, as are especially granted to them by statute, or such as are incidentally necessary to carry into effect those which are granted. *Hallenbeck v. Hahn,* 2 Neb., 397. *S. C. & P. R. R. Co. v. Washington County,* 3 Id., 42. *Sexson v. Kelly,* Id., 107. *The People v. Commissioners of Buffalo County,* 4 Id., 157. *Hamlin v. Meadville,* 6 Id., 233. *The State, ex rel., v. Buffalo Co.,* Id., 460. *McCann v. Otoe County,* 9 Id., 331. *Walsh v. Rogers,* 15 Id., 311. And the grant of power must be strictly construed. *S. C. & P.*

*R. R. Co. v. Washington County, supra,* and cases there cited. *Sexson v. Kelly, supra. The People v. Commissioners of Buffalo County, supra. Commissioners of Hamilton County v. Mighels,* 7 Ohio State, 115. *Treadwell v. Commissioners,* 11 Id., 190.

In *Hamlin v. Meadville, supra,* Judge MAXWELL, in writing the opinion of the court, says: "Whatever may be the rule as to municipal corporations, counties have no authority at common law to issue bonds. · They are *quasi* corporations, mere governing agencies charged with certain objects of necessary local administration. The power to issue commercial paper must be conferred by statute, and such power must be exercised in the manner prescribed."

There being no question then upon the necessity of the grant of power before authority exists, it is only necessary to examine the statute and ascertain whether the grant has been made.

Defendants insist that the second subdivision of section 25, and sections 26 to 31, inclusive, of chapter 18 of the Compiled Statutes of 1885, gives the authority to them to issue the bonds. The second clause of section 25 provides that it shall be the duty of the county board of each county "to erect or otherwise provide, when necessary, and the finances of the county will justify it, and keep in repair, a suitable court-house, jail, and other necessary county buildings, and to provide suitable rooms and offices for the accommodation of the several courts of record, the county board, clerk, treasurer, sheriff, clerk of the district court, and county superintendent, and to provide suitable furniture therefor. But no appropriation exceeding fifteen hundred dollars shall be made for the erection of any county buildings, without first submitting the proposition to a vote of the people of the county at a general election, and the same is ordered by two-thirds of the legal voters voting thereon."

The other sections referred to are as follows:

"Sec. 26. Whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the rate of one dollar and fifty cents per one hundred dollars valuation of the property of the county, except when such excess is to be used for the payment of indebtedness existing at the adopting of the constitution, the county board may, by an order entered of record, set forth substantially the amount of such excess required and the purpose for which the same will be required, and if for the payment of interest or principal, or both, upon bonds, shall in a general way designate the bonds and specify the number of years such excess will require to be levied, and provide for the submission of the question of assessing the additional rate required to a vote of the people of the county, at the next election for county officers after the adoption of the resolution. If the proposition for such additional tax be carried, the same shall be paid in money, and in no other manner."

"Sec. 27. The mode of submitting questions to the people for any purpose authorized by law, shall be as follows: The whole question, including the sum desired to be raised, or the amount of tax desired to be levied, or the rate per annum, and the whole regulation, including the time of its taking effect or having operation, if it be of a nature to be set forth, and the penalty of its violation if there be one, is to be published for four weeks in some newspaper published in the county. If there be no such newspaper the publication must be made by being posted up in at least one of the most public places in each election precinct in the county, and in all cases the notices shall name the time when such question will be voted upon and the form in which the question shall be taken, and a copy of the question submitted shall be posted up at each place of voting during the day of the election."

"Sec. 28. When the question submitted involves the borrowing or expenditure of money or issuance of bonds,

the proposition of the question must be accompanied by a provision to levy a tax annually for the payment of interest, if any, thereof, and no vote adopting the question proposed shall be valid unless it likewise adopt the amount of tax to be levied to meet the liability incurred."

"Sec. 29.   At the time specified in such notice a vote of the qualified electors shall be taken in each precinct at the place designated in such notice.   The votes shall be received and returns thereof made, and the same shall be canvassed by the same officers and in the same manner as required at each general election."

"Sec. 30.   If it appears that two-thirds of the votes cast are in favor of the proposition, and the requirements of the law have been fully complied with, the same shall be entered at large by the county board upon the book containing the record of their proceedings, and they shall then have power to levy and collect the special tax in the same manner that the other county taxes are collected. Propositions thus acted upon cannot be rescinded by the county board."

"Sec. 31.   Money raised by the county board in pursuance to the provisions of the preceding sections of this act is specially appropriated and constituted a fund distinct from all others in the hands of the county treasurer, until the obligation assumed be discharged."

It could serve no good purpose to enter into an analysis of these sections.   It is enough to say that nowhere is the authority given as claimed by defendants.   While it is true that by section twenty-five it is made the duty of the commissioners to provide a county jail, yet this duty is made to depend upon the fact that the "finances of the county will justify it."   It is contemplated that if the money is in the treasury it may be appropriated for that purpose.   But no appropriation exceeding fifteen hundred dollars shall be made without being authorized by a vote of the people.

It might and doubtless would be proper for the commissioners after having made the proper estimate, to levy a tax upon the taxable property of the county to increase the funds of the county sufficiently for the appropriation to be made, or, in case that would exceed the constitutional limit, the levy might be increased by the authority of the vote of the people to an amount sufficient for the purpose. But no authority is given anywhere to *borrow* the money by the issuance of bonds.

It is contended that this question has been decided in favor of the position of defendants by this court in the *B. & M. Ry. Co. v. Clay County*, 13 Neb , 367. But we cannot so hold. It is true it was decided in that case that "the authority conferred upon the county commissioners when funds are needed to aid in the construction of county buildings is to borrow money for a specific purpose upon the credit of the county." But it will not do to lose sight of the fact that at that time there was an act of the legislature in force expressly giving that power. This authority was conferred by the fourth clause of section 14 of the act of February 27th, 1873, which provided that the board of county commissioners should have power to "apportion and order the levying of taxes as provided by law, and *to borrow upon the credit of the county* a sum sufficient for the erection of county buildings," etc. General Statutes, 234. This power was swept away by the repeal of the law in 1879, when our present law concerning "counties and county officers" was enacted.

We therefore hold that the bonds issued by the defendants are void, and they should be destroyed.

No objection is made upon the ground that mandamus is not the proper remedy in this case. A writ of mandamus is therefore awarded as prayed for.

JUDGMENT ACCORDINGLY.

THE other judges concur.