| 22 | 437 |
| 31 | 673 |

| 22 | 437 |
| 51 | 32 |

| 22 | 437 |
| 59 | 626 |

| 22 | 437 |
| 61 | 380 |

---

COUNTY OF DAKOTA ET AL., PLAINTIFFS IN ERROR, V. WILLIAM CHENEY, DEFENDANT IN ERROR.

1. **Ditches and Drains:** JURISDICTION OF COUNTY BOARD. In a proceeding to establish a drain or ditch, under chapter 89 of Compiled Statutes, the jurisdictional facts are, first, a petition signed by one or more owners of land to be affected by the proposed ditch; second, the bond provided by statute; third, that the proposed improvement is necessary, and will be conducive to the health, convenience, and welfare of the public; and fourth, the statutory notice.

2. ———: ———. The failure of the county board to find that the signers of the petition are owners of lands to be affected is not jurisdictional.

3. ———: ———: OBJECTIONS. A party objecting to the construction of a proposed ditch should act with reasonable promptness in urging his objection, and should not wait until the completion of the improvement before alleging an entire want of authority to make the same.

ERROR to the district court for Dakota county. Tried below before CRAWFORD, J.

*M. C. Jay, Barnes Brothers,* and *John T. Spencer,* for plaintiffs in error, cited : *Patterson v. Baumer,* 43 Iowa, 477. *Jenal v. Green Island Draining Co.,* 12 Neb., 163. *Bate v. Sheets,* 64 Ind., 209. *Keys v. Williamson,* 31 Ohio St., 561.

*D. A. Holmes,* for defendant in error, cited : *Willis v. Sproule,* 13 Kan., 257. *Commissioners v. Muhlenbacker,* 18 Kan., 132.

MAXWELL, CH. J.

This is a proceeding in error from the judgment of the district court of Dakota county, reversing the order of the board of county commissioners of that county in establishing and constructing a ditch in pursuance of statutory authority.

The record shows that on the 7th day of October, 1884, a petition was presented to the county commissioners of that county, as follows :

" *To the County Board of Dakota County :*

"The undersigned, owners of land lying and being in that part of Dakota county know as the swamp, would respectfully represent to your honorable board that all lands situated in said swamp are, at present, of small value to the owners thereof, and would further represent that a drain, commencing at or near the south-east corner of the N. W. ¼ of N. W. ¼ of section 12–28–7 ; thence in a south-easterly direction, along the lowest ground, to a

point about one hundred rods east of the quarter corner of east side of section 13–28–7; thence south-easterly, along and through the lowest ground, to the head of Wm. Taylor's ditch, or some point in or along said ditch, as found necessary, with side or lateral ditches when necessary, would render all the lands so situated of much greater value to the owners, and would be of vast benefit tó the people of said county, and for public good.

"And would respectfully ask that your honorable board take such steps as will be necessary under the laws of Nebraska to open out a drain, commencing at or near a point suggested above, and thence along the route indicated, as near as may be practicable, to or near the head of Wm. Taylor's ditch, or some point in or along said ditch, with side or lateral ditches, as shall be found necessary, to carry off said surplus of water and drain off said lands. And your petitioners will ever pray.

| | |
|---|---|
| "JOHN HARTNETT, | JOHN COLLINS, |
| J. F. DUGGAN, | FRANK HEENEY, |
| JOHN DUGGAN, | MIKE MALONEY, |
| JOHN HEFFERMAN, | DANIEL HARTNETT, |
| MICHAEL CAIN, | DANIEL DUGGAN, |
| P. REELEY, | JOHN HOWARD, |
| A. LAHEY, | P. W. BRIDENBAUGH, |
| JAS. HOGAN, | JOHN ROONEY, |
| P. KEEFE, | JAS. DUGGAN, |
| JAS. LAHEY, | KELLEY W. FRAZER." |

The commissioners thereupon entered the following on their record:

"In compliance with the prayer of the petition of John Hartnett and others for the location of a ditch from the south-east corner of the N. W. ¼ of the N. W. ¼ of section 12–28–7; thence in a south-easterly direction, along the lowest ground, to a point about 100 rods east of the quarter corner of the east side of section 13–28–7;

thence south-easterly, along the lowest ground, to the bed of William Taylor's ditch, or some point in said ditch, with side or lateral ditches where necessary. The undersigned on the 24th of September, 1884, proceeded to view the line of said proposed improvement, and, upon actual view of the premises along and in the vicinity thereof, we find that said improvement is necessary and will be conducive to the public health and welfare, and also find that the line described in said petition is the best route for said ditch, except that we find that the starting point of said ditch should be the half section line running east and west of section 12-28-7. We, therefore, hereby order the clerk of said county to enter this finding upon the commissioners' journal.

" We, therefore, direct the county surveyor to go upon said line described in said petition, and survey and level the same, and set stakes at every one hundred feet, numbering down stream, and note the intersections of section lines, road crossings, boundary lines, precinct and county lines, and make a report, profile, and plat of the same, and estimate the number of cubic yards for each working section of said drain, and to make and return a schedule of all lots, lands, public or corporate roads, or railroads that will be benefited by the proposed improvement, and proportion the line in feet and cubic yards to each lot, tract of land, road, or railroad, according to the benefit that will result to each from the improvement, and make an estimate of the cost of location and construction to each, and a specification of the manner in which the improvement shall be made and completed."

At an adjourned meeting of the county commissioners, held at Dakota City, Nebraska, March 19th, 1885, the following proceedings were had:

"And now, at this time, to-wit: March 19, 1885, it being an adjourned meeting of the board of county commissioners of Dakota county, Nebraska. In the matter of

draining the swamp in said county, which has been before them heretofore.

"It is considered and ordered by said commissioners, upon actual view, that the drain be made fourteen feet on the top of said ditch and ten feet at the base of the same, and estimates be made upon that basis."

And at a meeting held March 31st, 1885, the following proceedings :

"Now, at this time, to-wit: March 31st, 1885, it being an adjourned meeting of the board of county commissioners of Dakota county, Nebraska.

" Whereas, it appears that at the last meeting of said board, to-wit: the 19th day of March, 1885, the said board having under consideration at that time the dimensions of the ditch petitioned for in said county, it was then ordered that the same be fourteen feet wide on top and eight feet on base; and

" Whereas, it appears that a mistake was made in the entry of said order, it is now ordered that said entry be changed to read as follows: Width of ditch on top, fourteen feet, and width of ditch at base, ten feet, as intended in the order of March 19th, 1885."

At a meeting of said board held April 7th, 1885, the following proceedings :

" And now, at this time, to-wit: the 7th day of April, 1885, it being an adjourned meeting of the board of county commissioners of Dakota county, Nebraska. . In the matter of the swamp improvement in said county, it appearing to said board that a mistake was made in the order of September 25th, 1884, establishing the route of said ditch, in this, that the starting point of said ditch is described as on the half section line running east or west of section 12, township 28, range 7 east. Whereas, the order was intended to locate the starting point of said ditch where the channel of Elk creek crosses said line. And, whereas, the engineer of said improvement, after the

survey of said ditch, finds that the starting point as so intended by said board was ten chains and six links north and two chains east from the south-west quarter of section 12, township 28, range 7, and it is hereby ordered by said board that the records be corrected to show that the starting point of said ditch be north of said line ten chains and sixty links, and two chains east from the south-west corner of the south-east quarter of the north-west quarter of section 12, township 28, range 7 east, as shown by the survey of said engineer, now on file in the office of the clerk of said county.

"Now, at this time, to-wit : the 7th day of April, 1885, it being an adjourned meeting of the board of county commissioners of Dakota county, Nebraska. In the matter of the swamp improvement of said county, it appearing to said board that the report and plat of the engineer of said improvement has been duly filed in the office of the county clerk of said county, and that the same was filed within thirty days after the survey of said route of said improvement was made.

"It is hereby ordered and considered, that the county clerk of Dakota county proceed at once to notify the owners of all the lands affected by said improvement, residents and non-residents, in the manner provided by law, to appear before the said county board on the 14th day of May, 1885, or to file within that time all objections to the location of the same, or for damages, in any way they may feel aggrieved, to make the same known within said time.

"Adjourned to meet May 14th, 1885."

On that date the following, among other proceedings, were had :

"Now, at this time, to-wit : May 14th, 1885, it being an adjourned meeting of the board of county commissioners of Dakota county, Nebraska. In the matter of the Dakota county ditch, this being the day fixed by the

county clerk of said county for the hearing of the report of the engineer, heretofore filed in the matter, the commissioners now in session do find from the evidence and proof of publication of notice in said county, relating to the lands and roads therein, and returns made by the sheriff on said notice served in Dakota county, that due and legal notice has been given, according to law, to the resident and non-resident parties who are the owners of lots and lands taken or affected by said proposed improvement, or by the apportionment and report of the engineer, situated in said Dakota county, as well as the authorities and municipal and private corporations whose lands or roads are affected by said proposed improvement. And now, from the affidavit of the publishers of the *North Nebraska Eagle*, a newspaper published in Dakota county, the commissioners do find that due and legal notice has been given to all non-resident lot or land owners whose lands or property is affected by said improvement. And now, on the same day, to-wit, May 14th, 1885, the said board of county commissioners of said county, after finding that due and legal notice had been made of the hearing of the report of the engineer in said ditch matter to all lot and land owners, resident and non-resident, whose lands are affected by said ditch improvement, in all respects is in accordance with law.

" The said board of commissioners do now proceed to hear the evidence in favor of and to examine all exceptions filed in said matter to the apportionment of the engineer, and to claims filed, as well as to hear and examine all claims for compensation or damages filed herein."

The board thereupon proceeded to examine the claims and objections of various land owners affected by the construction of the ditch. Then follows a statement of the several claims considered, but as such parties are not complaining, it is unnecessary to set out the proceedings in this case. Cheney, the defendant in error, also filed

claims and objections, which are set out in the record, as follows :

"STATE OF NEBRASKA, ⎱
    DAKOTA COUNTY, ⎰ ss.

" *To the Honorable Board of Commissioners of Dakota County, Nebraska:*

"In the matter of a certain ditch or drain proposed to be made in the said county of Dakota, your petitioner, William Cheney, would respectfully enter the following objections :

"1.    That said improvement or ditch is not for the public benefit, and the statute under which the proceedings for the construction of said ditch was instituted is unconstitutional and void.

"2.    That the assessments on the lands to be drained by said ditch are not in proportion with the benefits derived by the construction of said ditch.

"3.    That the ditch or drain proposed to be built is larger than required for the draining of the lands to be benefited, and does not drain all the lands assessed.

"4.    That the land owned by your petitioner, to-wit: The S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, and N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, and N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ and S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 22, town 28, range 8 east, is now in pasture, and does not require to be drained, and such a drain or ditch would be a damage to said land.

"Filed May 13th, 1885.

"WILLIAM CHENEY."

His objections were overruled and the ditch completed.

On the 12th day of May, 1886, Cheney filed his petition in error in the district court of Dakota county, to reverse the aforesaid order of the county board in regard to said ditch, in which he made thirteen assignments of error. On the hearing of the cause the court found, "That there is error in said judgment and proceedings in this : Because said board of commissioners had no jurisdiction of

the subject-matter in controversy and no authority to make the order therein made or the judgment therein rendered." The court thereupon entered judgment reversing the order of the board.

The county brings the cause into this court by a petition in error. The only question before this court is, whether or not the county board had jurisdiction of the subject-matter.

Section 4, Art. I., of Chapter 89, Comp. Stat., provides that, "A petition for any such improvement shall be made to the board of commissioners of the county signed by one or more owners of lots or lands which shall be benefited thereby, which said petition shall be filed with the county clerk, and shall set forth the necessity of the proposed improvement, and describe the route and termini thereof with reasonable certainty, and shall be accompanied by a good and sufficient bond, signed by two or more sureties, to be approved by the county clerk, conditioned for the payment of all costs that may occur in case said board of county commissioners find against such improvement."

Sec. 5 provides that, "The county clerk shall deliver a copy of said petition to the board of county commissioners, at their next meeting, who shall thereupon take to their assistance a competent surveyor or engineer, if in their opinion his services are necessary, and at once proceed to view the line of the proposed improvement, and determine by actual view of the premises along and in the vicinity thereof, whether the improvement is necessary or will be conducive to the public health, convenience, or welfare, and whether the line described is the best route, and they shall report their finding in writing, and order the clerk to enter the same on their journal."

Sec. 6. "If the commissioners, upon actual view, find that the route proposed is not such as to best effect the object sought, they shall change the same and establish the route and determine the dimensions of the proposed im-

provements; *Provided,* Any change so made shall not in any case exceed one hundred and sixty rods from the route described in the petition."

SEC. 7. "If the board of commissioners find for the improvement they shall cause to be entered on their journal an order directing the county surveyor, or an engineer, to go upon the line described in said petition or as changed by them, in accordance with section six, and survey and level the same, and set a stake at every hundred feet, numbering down stream; note the intersection of section lines, road crossings, boundary lines, precinct and county lines, and make a report, profile, and plat of the same, and estimate the number of cubic yards for each working section, as hereinafter provided."

SEC. 8. "The commissioners shall also by their order direct the surveyor or engineer to make and return a schedule of all lots, lands, public or corporate roads or railroads, that will be benefited by the proposed improvement, whether the same are abutting upon the line of the proposed improvement or not, and an apportionment of a number of lineal feet and cubic yards to each lot, tract of land, road or railroad, according to the benefits that will result to each from the improvement, and an estimate of the cost of location and construction to each, and a specification of the manner in which the improvement shall be made and completed."

There are other sections of the statute to which it is unnecessary to refer. The bond required by the statute was given and duly approved, and is set out in the record. The principal objection made by the defendant in error is, that the board did not find that the petitioners were owners of the land to be affected by the proposed ditch. This fact, however, may be gathered from the petition, and the statute does not make a finding of that kind jurisdictional. If the petitioners were not owners of lands affected by the ditch the defendant in error should have made his objec-

tions to the board and thereby called their attention to the fact that they were proceeding without jurisdiction. His failure to make such objection to the board is strong evidence that he could not truthfully so allege. The jurisdictional facts are: 1st, the petition signed by one or more landowners to be affected by the proposed ditch; 2d, the undertaking required by the statute; 3d, that the proposed improvement is necessary, and will be conducive to the health, convenience, and welfare of the public; and 4th, the statutory notice. All these facts sufficiently appear in the record of the county board, and were sufficient to give it jurisdiction. If errors occur in the proceedings they may be corrected in the mode pointed out by the statute. A party, however, who objects to the construction of a proposed ditch upon the ground of want of jurisdiction of the board, should proceed with reasonable promptness in asserting his objections. He should not wait until the ditch is completed, and be enabled to receive all the benefits to be derived therefrom before asserting such want of authority.

The district court erred in reversing the order of the county commissioners, and its judgment is reversed, the order of the board reinstated, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.