STATE OF NEBRASKA, EX REL. UNION PACIFIC RAILWAY COMPANY, v. COLFAX COUNTY.

FILED MARCH 17, 1897. No. 7136.

Drainage: ROUTE: COUNTY BOARD. In a proceeding to establish a drainage ditch under article 1, chapter 89, of the Compiled Statutes, one of the jurisdictional facts which the county board is required to find and enter upon its journal is whether the line described in the petition for the proposed ditch is the best route for the improvement.

ERROR from the district court of Colfax county. Tried below before SULLIVAN, J. *Affirmed.*

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*George H. Thomas* and *E. T. Hodsdon, contra.*

NORVAL, J.

The Union Pacific Railway Company and others presented a petition to the board of county commissioners

of Colfax county on April 25, 1892, under article 1, chapter 89, Compiled Statutes, praying the location and construction of a drainage ditch over and across the lands of the petitioners. The commissioners entered the following orders on their record relating to said petition:

"SCHUYLER, NEB., April 26, 1892.

"The board of county commissioners met pursuant to adjournment. All members present, and clerk.

"The clerk having delivered a copy of said petition as provided by statute in the matter of location, construction, etc., of ditches to the board of commissioners, they thereupon took to their assistance E. E. Greenman, county surveyor, and at once proceeded to view the line of the proposed improvement, and after having been out all day viewing said proposed improvement and having returned late, the board adjourned to meet next morning at 9 o'clock A. M."

"SCHUYLER, NEB., April 27, 1892.

"The board of commissioners met pursuant to adjournment. All the members present, and clerk.

"In the matter of the location, construction, etc., of the ditches, the board made the following report:

" 'Whereas the location, construction, and maintenance of the ditch, drain, and excavations therein referred to are necessary to drain the land described in a copy of the petition attached to this report and heretofore recorded, do find, determine, and report that said improvement is necessary and will be conducive to the public good, health, convenience, and welfare, and beneficial to certain lands and property; and we do hereby order the county clerk to enter this our report upon the journal.

" 'Dated this 27th day of April, 1892.

" 'WILLIAM McROE,
" 'G. FOLKEN,
" 'JAMES LOOGLEY,
" '*The Board of County Commissioners of Colfax Co.*' "

Subsequently, at an adjourned meeting held on May 9, 1892, the board made and caused to be entered on its jour-

nal an order directing the county surveyor to go upon the line described in the petition, and survey, level, and stake the same, and make a report, profile, and plat thereof, and do and perform the other matters and things required by sections 7, 8, and 9 of said article and chapter. The surveyor complied with said order and filed his report with the county clerk on June 27, 1892. A date was fixed for a hearing on said report, and notice thereof was given in accordance with section 10 of said chapter. Claims for damages on account of said ditch were duly filed to the amount of $9,093, and at the time so fixed for the hearing the county commissioners convened in session, and then determined that the requisite notice had been given of the hearing and the report, and after listening to the argument of counsel for certain persons who had filed exceptions and objections against the proposed ditch, the board adjourned to meet the next morning, at which time it made and caused to be entered of record the following:

"SCHUYLER, NEB., August 9, 1892.

"The board of county commissioners met pursuant to adjournment. Present, full board and clerk.

"In the matter of the petition of the Union Pacific Railway Company and others for the opening of drainage ditches, filed on the 25th day of April, 1892, and set down for hearing on the 26th day of July, 1892, and continued to this day, came on for hearing, and after hearing testimony and argument of counsel, and after being fully advised in the premises, the board finds that the ditches described in the said petition are not necessary and would not be conducive to the public health, benefit, and welfare, and that no lots or lands would be benefited thereby. It is therefore ordered that the said petition and action be dismissed, and that no further proceedings be made or had in the premises, and that the costs of this proceeding be charged up and collected from the parties whose names appear on the bond herein filed."

Thereafter the Union Pacific Railway Company, by

proceedings instituted in the district court of Colfax county in the nature of *certiorari*, obtained a reversal and vacation of the said order of the county board last aforesaid, and said commissioners having refused to construct said ditch, relator instituted *mandamus* proceedings to compel them so to do. The district court denied the writ and dismissed the application, for the reason that the decision of the county board of April 27, 1892, is void and invalid, in that it does not find that the line of the proposed improvement was the best route.

It is argued that the omission of the county commissioners to find that the line of the proposed ditch described in the petition is the best route does not render the proceedings void. The determination of this question requires an examination of certain of the provisions of article 1, chapter 89, Compiled Statutes, entitled "Swamp Lands." The fourth section provides for the presentation of a petition to the county board, signed by one or more owners of lots of land which will be benefited by the improvement, setting forth the necessity of the proposed improvement, and describing the route and termini thereof with reasonable certainty; also, that a requisite bond shall accompany such petition. Section 5 declares: "The county clerk shall deliver a copy of said petition to the board of county commissioners at their next meeting, who shall thereupon take to their assistance a competent surveyor or engineer, if in their opinion his services are necessary, and at once proceed to view the line of the proposed improvement and determine by actual view of the premises along and in the vicinity thereof whether the improvement is necessary or will be conducive to the public health, convenience, or welfare, and whether the line described is the best route; and they shall report their finding in writing and order the clerk to enter the same on their journal." It is obvious from a reading of this section that the legislature, in plain and unmistakable language, has made it the duty of the county commissioners, when a petition prescribed by section 4 is

presented, accompanied by the requisite bond, to determine, upon an actual view of the premises, and report in writing, among other matters, whether the line of the proposed ditch described in the petition is the best route to accomplish the object sought, and also to cause their report to be entered upon the record of their proceedings. That this is jurisdictional there is no room to doubt. Such a finding is just as indispensable to the validity of a proceeding under the drainage law as a determination that the proposed improvement is necessary or will advance the public health and welfare. This view is emphasized by the fact that the board is not limited in making the location to the precise route described in the petition; but by section 6 of the act the commissioners are authorized to change the same, not exceeding 160 rods from the proposed line mentioned in the petition. In *County of Dakota v. Cheney*, 22 Neb., 437, it was said that the jurisdictional facts in a proceeding to establish a drain or ditch under said chapter 89 are: "First, a petition signed by one or more owners of land to be affected by the proposed ditch; second, the bond provided by statute; third, that the proposed improvement is necessary and will be conducive to the health, convenience, and welfare of the public; and fourth, the statutory notice." It was not decided in that case that it was unnecessary for the board to find that the line described in the petition is the best route for the ditch, nor could it have been properly determined therein, since the question was not involved. The sole point raised was whether the failure of the county board to find that the signers of the petition for the location and construction of the ditch were the owners of the land to be affected was jurisdictional or not. Nor was the question here under consideration passed upon in *Darst v. Griffin*, 31 Neb., 668, cited by relator. The statute is mandatory that the commissioners shall report "whether the line described is the best route," and it is illogical to say that such finding is not jurisdictional. Until the location of the line is deter-

mined, the board can take no further steps in the matter. County boards possess limited jurisdiction, and the grant of power conferred upon them is to be strictly construed. (*State v. County Commissioners of Lincoln County,* 18 Neb., 283.) They have no authority to construct a ditch under the drainage law, unless all the jurisdictional steps have been taken.

It is argued in the brief of counsel for relator that the finality of the determination and finding of the commissioners was adjudicated in the proceeding brought in the district court to obtain a reversal of the order of the board of August 9 dismissing the petition for the location and construction of the ditch. The judgment vacating the order of said date was not a determination that the findings of April 27 were sufficient, but was *res judicata,* at most, as to the validity of the action of the county board dismissing the petition for the ditch, because no steps were ever taken to review the decision of the district court in the *certiorari* proceedings, and hence such judgment stands in full force. For the reasons stated the judgment of the trial court is

AFFIRMED.