JAMES GADSDEN, APPELLANT, V. CHARLES J. PHELPS, APPELLEE.

FILED SEPTEMBER 20, 1893.    No. 5028.

Appeal: TRIAL DE NOVO: FINDINGS: EVIDENCE: THE SUPREME COURT, though trying a case *de novo* on appeal, will not disturb the finding of the district court unless the finding and decree cannot be reconciled with any reasonable construction of the testimony.

APPEAL from the district court of Colfax county. Heard below before MARSHALL, J.

*E. T. Hodsdon,* for appellant.

*Reese & Gilkeson* and *C. O. Sabin, contra.*

RAGAN, C.

James Gadsden sued Charles J. Phelps in the district court of Colfax county, and in his petition alleges, in substance, that on and prior to March, 1891, Phelps was his trusted agent and attorney; that on said date Phelps came to his office and advised him that there was a piece of land about to be sold at the court house at public auction by the sheriff, and that Gadsden and Phelps then entered into an

agreement, the substance of which was that Gadsden would furnish Phelps $500 in money, and that with this money Phelps was to attend the sale, purchase the real estate offered thereat in his own name, have the sale confirmed and procure a sheriff's deed therefor, and then, on request, he would convey said land to said Gadsden; that in pursuance of the agreement he furnished Phelps the $500; that Phelps purchased the land in his own name and had the sale confirmed, and procured a sheriff's deed therefor, but had refused on demand to quitclaim to him, Gadsden. There was a prayer that the defendent might be decreed to convey the premises to the plaintiff, Gadsden. The answer, in effect, was, so far as we care to notice it, a general traverse of all the allegations of the petition. The court, after hearing all the evidence in the case, rendered a decree dismissing the cause of plaintiff, and he brings the case here on appeal.

There is no question of law involved in this case, and it would subserve no useful purpose to quote the testimony introduced on the trial. We cannot even say that had we been trying the case we would have reached a different conclusion than that reached by the learned judge who presided in the district court. The testimony was conflicting, but the finding and decree of the district court was abundantly sustained by the evidence.

The supreme court, though trying *de novo* an equity case, on appeal, will not disturb the finding and decree of a district court unless there is no evidence to support such finding, or unless the finding and decree cannot be reconciled with any reasonable construction of the testimony. The judgment of the district court is

AFFIRMED.

THE other commissioners concur.