B. F. JOHNSON, APPELLEE, v. N. A. McLENNAN ET AL., APPELLANTS.

FILED FEBRUARY 5, 1895.    No. 5761.

Review: CONFLICTING EVIDENCE: PLEADING. A decree of the district court will not be disturbed on appeal to this court when the sole question presented is as to findings of fact made by such district court upon consideration of merely conflicting evidence.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*Reese & Gilkeson*, for appellants.

*B. F. Johnson, contra.*

RYAN, C.

The appellee filed his petition in the district court of Lancaster county for the enforcement of a mechanic's lien against certain real property on which appellee had erected a dwelling house for appellants. The balance for which a lien was claimed was $204.80, with interest thereon from November 26, 1890. By way of answer and cross-petition the appellants, after a denial of certain averments of the petition and an admission of the correctness of others, alleged that the building erected by appellee was constructed so unskillfully that appellants had thereby sustained dam-

Johnson v. McLennan.

age in the sum of $500, for which amount there was a prayer for judgment.   The reply was a mere denial of each and every allegation contained in the answer, "controvening petition of plaintiff." In *Herdman v. Marshall*, 17 Neb., 252, it was held that language very similar to that above used did not amount to a denial of affirmative matter pleaded in the answer.   It was moreover held in the case just cited that by a failure to challenge such defect it would be deemed waived.   In the case at bar it does not appear that the manner of pleading just criticised was brought to the attention of the district court.   It may be that this failure to deny the averments of the answer to some extent influenced the district court to a recognition of the right of appellants to a recoupment of damages.   The amount of the claim made in the petition was at any rate upon the pleadings and proofs reduced by the sum of about $75.   Appellants insist that this amount should have been much greater, and there is a large amount of evidence which tends to sustain this contention.   While this is true, there is also evidence contradictory of that, from which a greater amount of damages than was allowed, is inferable.   The amount of the damages set off against the claim of the appellee was not the exact sum named by any particular witness on either side.   It was, however, greater than that fixed by some witnesses.   Under such circumstances the estimate made by the district court must stand, and its judgment is therefore

AFFIRMED.