WESTERN CORNICE & MANUFACTURING WORKS, APPEL-
LEE, V. EDWARD A. LEAVENWORTH ET AL., APPEL-
LANTS.

FILED OCTOBER 20, 1897.    No. 7438.

1. **Review**: CONFLICTING EVIDENCE. A finding or decree on conflicting
evidence will not be disturbed or reversed unless it is clearly
wrong.

2. **Mechanics' Liens**: DESCRIPTION OF PROPERTY. The sworn statement
filed of a claim of mechanic's lien must contain a description of
the land on which the building stands, for which the material was
furnished, or on which the labor was performed, the account for
which is the basis of such claim of lien.

3. ———: ———. If in the statement filed the property to be affected
is described as a lot in a designated block, and the evidence dis-
closes that the major portion of the material was furnished and
labor performed on a part of the building erected which stands
on a piece or strip of land adjoining said lot, which is not a part
of the lot, the lien cannot be enforced against the lot described
for the material furnished, or work done, not used on the part of
the building which stands thereon.

4. ———: ———. Whether the lien might be enforced against the lot
described for material used and labor performed in and on the
part of the building which stands on said lot was not presented in
this case, hence not discussed or adjudicated.

5. **Appeal and Error**: DISTINCTION. A clear distinction exists in this
state between proceedings by petition in error and an appeal.

6. ———: JUDGMENT IN APPELLATE COURT. In an appeal, that the
final adjudication may affirm the decree of the trial court in
some particular or particulars, as to the rights of one appellant,
does not necessitate the affirmance of the decree as an entirety
and against all appellants.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J. *Affirmed in part and
reversed in part.*

*H. H. Baldrige* and *Bartlett, Baldrige & De Bord,* for ap-
pellants.

*T. J. Mahoney, James W. Carr,* and *Mahoney, Minahan &
Smyth, contra.*

HARRISON, J.

It appears herein that one E. A. Leavenworth, of appellants, began, during the year 1891, the erection of a hotel building in the city of Omaha (the building has since been named and is known as the "Madison Hotel"), and during the course of its construction entered into contracts with various firms and persons to furnish material and perform labor therefor and thereon. Leavenworth failed to pay the accounts for labor and material as they matured, and claims of liens therefor were prepared and filed. Of these claims was one in favor of Christian Specht, which was assigned to the Western Cornice Manufacturing Works, and this suit was originally instituted in its behalf. The claim was afterward transferred to John McVoy & Co., and it became a party to the suit by intervention and filed a petition in which were set forth its claim and demand for relief. Answers were filed for several of the defendants. Issues were joined and tried, the decree resultant being favorable to the asserted rights of the lien-holder, the assignee of the special claim. The defendants have appealed to this court.

In August or September, E. A. Leavenworth conveyed the premises on which the hotel was being erected to Helen E. Hunt, the instrument of conveyance being in purport a warranty deed. Helen E. Hunt executed and delivered to Leavenworth a power of attorney by which he was authorized to sell and convey the property for her. On March 3, 1892, Leavenworth, as attorney-in-fact for Helen E. Hunt, conveyed the property to Charles L. Gyger, as trustee for a number of parties who had each filed a mechanic's lien against the premises. Gyger, after the commencement of this suit, pursuant to directions from the parties for whom he was holding in trust, conveyed the property to the Madison Hotel Company.

It was pleaded for appellants that the contract under which the claim of lien, the foreclosure of which was the object of this action, was not made with Christian Specht,

but with one George Specht; that no contract was entered into with Christian Specht to furnish any material or perform any labor in, on, or about the building of said hotel; hence there could exist no account or lien in his favor. There is a conflict in the evidence on this point, but after a review of it we are satisfied that there is sufficient to sustain the finding of the trial court that there was a contract with Christian Specht; and agreeably to a well settled rule of this court the finding will not be disturbed. (*Steinkraus v. Korth,* 44 Neb., 777.)

The claim for the lien prepared and filed was for material furnished and labor performed in and upon a building on "lot eight (8), in block forty-eight (48), city of Omaha," and the evidence disclosed that the hotel was erected partly on said lot eight and in part on the strip of land contiguous thereto, twenty feet in width and one hundred and thirty-two feet in length, which had never been a portion of said block, but had been of the adjoining street, which had been reduced in width and the strip to which we have referred sold to the proprietor of the adjoining lot 8. It was further shown by the evidence that the major portion of the material furnished and labor performed included in the lien in suit were for and upon the part of the hotel built on the strip of land, and not on lot 8. The decree of the trial court established the lien on lot 8, block 48, for the full amount claimed therein, and in this was wrong and cannot prevail. Our statute on the subject of mechanics' and laborers' liens provides: "Any person who shall perform any labor, or furnish any material or machinery or fixtures for the erection, reparation, or removal of any house, mill, manufactory, or building or appurtenance by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, mill, manufactory, building or appurtenance, and the lot of land upon which the same shall stand." (Compiled Statutes, 1895, sec. 1, art. 1, ch. 54.) There are further provisions in succeeding sections

of the same chapter in regard to filing in a designated office a sworn statement of the claim of lien. It has been held by this court in regard to these provisions: "One who claims the benefits of the mechanic's lien law must show a substantial compliance with each essential requirement thereof, one of which is that the sworn statement to be filed shall contain a description of the land upon which the labor was done or material was furnished, for the purpose contemplated by such law. A description of property in such statement which is entirely inapplicable to the land actually benefited cannot be made effective to any extent for the purpose of subjecting the land actually built upon to the operation of the lien claimed. (*Holmes v. Hutchins*, 38 Neb., 601, followed.)" "This rule holds good as well in favor of one who was the owner of the land at the time the improvements were erected as in favor of a subsequent purchaser." (*Bell v. Bosche*, 41 Neb., 853. See, also, *Holmes v. Hutchins*, 38 Neb., 601.) It is clear that under the terms of the section of the statute quoted above, lot 8, block 48, cannot be sold for labor done and material supplied on and for a building on the strip of land adjacent to it. The lien is confined to the building and the lot of land upon which it stands.

The statement of lien was defective, in that it wholly failed to describe the property on which stood the portion of the building on which had been incurred the greater portion of the expenses of which the account was the basis of the lien in suit. The question is not presented of the right to enforce the lien on lot 8, block 48, for so much of the account as may have been for material used and labor done on the part of the building which stands thereon. The trial court was not asked to consider it; neither is this court. Of the evidence introduced there was none from which a computation of the sum which might be adjudged chargeable against lot 8, considered separately from the adjacent strip of land, can be made; hence the statement of lien, when considered in connec-

tion with the evidence, must be pronounced so imperfect in its description of the premises against which it might have been made potential as to be unenforceable in this action.

An examination of the record discloses that the judgment against E. A. Leavenworth for the amount due on the account must be affirmed; and it was urged in the argument in the brief filed for the appellee that if any of the judgment or decree is affirmed, then all must be; that, all parties having appealed, if the decree is correct as to one appellant it must be affirmed as to all. In support of this contention our attention is directed to the rule in error cases that when a motion for a new trial is made jointly by two or more parties, if it cannot be allowed as to all it must be overruled as to all. (*Dorsey v. McGee*, 30 Neb., 657.) Also, "A joint assignment of error in a petition of error made by two or more persons which is not good as to all who joined therein will be overruled as to all." (*Gordon v. Little*, 41 Neb., 250.) In the body of the opinion in *Dorsey v. McGee, supra*, it was observed in regard to the rule: "The reason for this is that to make a ruling, judgment, and decision of a trial court overruling and denying a motion a ground of reversal on error, the motion must be presented to the court in the very terms in which it ought to be sustained and allowed. This is not the case where a motion is made jointly by two parties, one of whom is not entitled to a favorable ruling thereon, although the other one is entitled to such ruling." If this is the reason for the rule, then it does not apply to an appeal; for in an appeal the appellate court does not merely review the actions of the trial court, but reexamines the questions presented,—in effect affords a retrial of them. It has been said of an appeal: "The term 'appeal' is, in the several states, used in very different senses, and has to a great extent, in statutes and decisions, lost its distinctive meaning, having become the generic term for all forms of rehearing, or else nearly or quite synonymous with 'error' or 'new trial' " (2 Am. &

Eng. Ency. of Law [2d ed.], 425-6, note; *Swenson v. Girard Fire & Marine Ins. Co.*, 4 Colo., 478); but, on the other hand, "An appeal is a process of civil law origin, and removes a cause entirely, subjecting the fact, as well as the law, to a review and retrial." (*Wiscart v. D'Auchy*, 3 Dallas [U. S.], 327*.) "It is in fact granting a new trial, upon the same issue, in a higher court." (*Rawson v. Adams*, 17 Johns. [N. Y.], 131; Winfield, Adjudged Words and Phrases, p. 38.)

There is a clear distinction made in the Code of Civil Procedure of this state between proceedings by petition in error and appeal. See the Code of Civil Procedure, under titles "Error in Civil Cases," and "Appeals from the District to the Supreme Court;" and the distinction has been recognized by this court in its opinions. (See *McHugh v. Smiley*, 17 Neb., 626; *Polk v. Covell*, 43 Neb., 884.) In an appeal in this state the hearing in the appellate court may be said to be a trial *de novo*,—a retrial of the same issues on the same record, subject, however, to the rule in regard to questions of fact that the supreme court, though trying a case *de novo* on appeal, will not disturb the finding of a district court based on conflicting evidence unless such finding is clearly wrong (*Gadsden v. Phelps*, 37 Neb., 590; *Swartz v. Duncan*, 38 Neb., 782; *Steinkraus v. Korth*, 44 Neb., 777; *Johnson v. McLennan*, 43 Neb., 684), which is but saying that in the examination of an appeal in the supreme court the findings of the trial court on questions of fact will be accorded great weight,—will be conclusive, unless there is a preponderance of the evidence against them and they are palpably erroneous.

We can discover no valid reasons why all parties concerned may not appeal and remove a cause to the higher court for a retrial of the issues and such judgment be entered as the appellate court may determine should be rendered, although the judgment in the appellate court may not in some particulars, as in the present case, affect all parties to the appeal in the same manner or to the same extent.

The decree of the district court, in that it accorded a judgment against E. A. Leavenworth on the account in suit and for costs is affirmed. In all other respects it is reversed, and, as to the appellants other than E. A. Leavenworth, the cause is dismissed, all costs as to such parties to be taxed to the appellee.

JUDGMENT ACCORDINGLY.