D. S. ROGERS, APPELLANT, V. FRED E. BODIE, APPELLEE.

FILED NOVEMBER 20, 1924. No. 22916.

Courts: ERROR TO COUNTY COURT. Where a judgment of a county court is reversed by a district court in a proceeding in error, on other than jurisdictional grounds. the district court should retain such cause for trial on the merits.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. Affirmed.

F. C. Radke and L. C. Chapman, for appellant.

Rogers v. Bodie.

*Jay C. Moore, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

GOOD, J.

This is an action in replevin originally begun in the county court, where judgment was rendered for plaintiff. Defendant prosecuted error to the district court, in which court he appears as plaintiff in error, while plaintiff appears as defendant in error. For convenience, plaintiff in error will be referred to as defendant, and defendant in error as plaintiff. In the district court the petition in error was sustained, and the case set down for trial on its merits.

The district court granted leave to plaintiff to file a new affidavit and petition. Defendant objected to the district court setting the case down for trial on its merits and to the filing of a new petition and affidavit for replevin, and refused to further plead. Thereupon, a trial was had without the intervention of a jury, which resulted in a judgment for the plaintiff. Defendant appeals.

Defendant insists that in his petition in error from the county court the only grounds of error alleged went to the jurisdiction of the court over the subject-matter and the person of the defendant, and that when the district court sustained the petition in error it was without jurisdiction to retain the case for trial on its merits. This is the only question presented.

An examination of the petition in error filed in the district court shows that other errors were alleged than those going to the jurisdiction of the court. That the verdict of the jury was contrary to law and that the judgment of the court was contrary to law were among the assignments. An examination of the transcript discloses that the verdict and judgment in the county court were not in the form required by the statute and were clearly erroneous. The record further discloses that a petition and affidavit for replevin were filed in the county court and a replevin summons issued

and personally served on the defendant. While the petition
and affidavit for replevin are far from being models of ex-
cellence, they were sufficient to give the court jurisdiction
of the subject-matter, and the service of the summons upon
the defendant gave the court jurisdiction over his person.
The journal entry of the district court sustaining the peti-
tion in error does not show the grounds on which the order
was based. Since there was manifest error in the record
other than the jurisdictional ones alleged, and the record
did not disclose that there was a want of jurisdiction in
the court either over the person of the defendant or of the
subject-matter, it will be presumed that the district court
sustained the petition in error upon the ground of the er-
rors that were apparent upon the record. We further think
that it is manifest that the trial court must have sustained
the petition in error on grounds other than jurisdictional
ones, else it would not have retained the case for trial on
the merits.

Section 9136, Comp. St. 1922, provides in part: "When
the proceedings of a justice of the peace are taken on error,
to the district court, * * * and the judgment of such jus-
tice shall be reversed or set aside, the court shall render
judgment of reversal, and for the costs that have accrued
up to that time, in favor of the plaintiff in error, and award
execution therefor; and the cause shall be retained by the
court for trial and final judgment, as in cases of appeal."

This court in *Maryott & McHurron v. Gardner*, 50 Neb.
320, 322, said: "The statute does not expressly provide that
in case an error proceeding is prosecuted to a district court
from a county court and the judgment of the latter court
reversed, the district court may retain the case for trial;
nor is there any provision of the statute requiring such
case to be remanded; but section 26, chapter 20, Compiled
Statutes, provides: 'In civil actions brought under the pro-
visions of this chapter (probate courts) either party may
appeal from the judgment of the probate court or prosecute
a petition in error, in the same manner as provided by law
in cases tried and determined by justices of the peace.'

Construing these two statutes together, we think that where a judgment of a county court is reversed by a district court in a proceeding in error the district court may retain such case for trial."

Under this authority, it was proper for the district court to set the case down for trial upon its merits. No error is found in the proceedings had in the district court. The judgment is

AFFIRMED.