598

CONSOLIDATED CREDIT CORPORATION, APPELLEE, V. JOHN M. BERGER ET AL., APPELLANTS.

4 N. W. (2d) 571

FILED JUNE 12, 1942. No. 31365.

O. M. Olsen, for appellants.

Dressler & Neely and Hugo J. Lutz, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is an appeal from the district court for Douglas county, overruling a motion for a new trial and denying a rehearing from an order affirming and remanding a judgment to the county court, which was brought to the district court by a proceeding in error.

The defendant in error (plaintiff below and designated as such in this opinion) brought the action originally in the county court, alleging that it is a corporation authorized to do business in the state of Nebraska, with its principal place of business at Omaha, and further alleging that the plaintiff entered into negotiations with the defendants for the paving of Fifty-third street, south of Blondo street, with a view of having defendants share the cost of paving a certain portion of said street, and as a result of such negotiations, under date of October 1, 1936, appears the following agreement:

"We, John M. Berger and Edith M. Berger (Edith M. Berger being the title holder of lots 14 and 15 Country Club Heights and intending to purchase lot 13 from the owner who now holds the title) agree to pay one-half or fifty per cent, of the cost of the paving that part of 53rd street which these three lots adjoin, approximately 146 feet in width or length for the three lots. The price to be governed by the proposal set forth in your letter of September 24th and the letter that you refer to at a later date. The proposition to include paving, curbing, grading and such engineering expenses as is incidental thereto.

"Respectfully yours,
"John M. Berger and
"Edith M. Berger."

Subsequent to the agreement, paving was laid by arrangement of the plaintiff with the Yant Construction Company. The proportionate share thereof due from defendants was $374.08, for which amount judgment is prayed. Motion to make the petition more definite and certain was filed, heard and overruled. A general demurrer was filed on the ground that the petition failed to state facts sufficient to constitute a cause of action, and that, under the facts stated in plain-

tiff's petition, it has no capacity to sue. This demurrer was overruled.

It is unnecessary to set out in this opinion the pleadings of the defendants to the plaintiff's petition. The counter-claim of defendant Edith M. Berger is, from the entire record, unsupported except that she is the owner of the fee simple title of lots 14 and 15 and the purchaser of lot 13. Defendants' pleadings disclose certain letters that led up to the agreement and with respect to the manner in which the defendants desired the grade to be made in front of the lots when the paving was laid. The bill of exceptions contains all of such letters in evidence, a plat, which was not in the original suit in the county court, and two pictures of the defendants' residence, showing the paving in front. The evidence adduced from the bill of exceptions falls far short of supporting defendants' contentions as pleaded.

That review on petition in error may be had is sustained by the following authorities:

Section 24, art. I of the Constitution of Nebraska, provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." Article 19, ch. 20 of the Compiled Statutes of Nebraska for 1929, is entitled "Reversal or Modification of Judgments and Orders by Appellate Courts. (a) Review on Petition in Error," and sections 20-1901 to and including 20-1910, provide effective procedure by petition in error to secure a review by the district court of a final order made by the county court. *In re Estate of Berg,* 139 Neb. 99, 296 N. W. 460. Although the *Berg* case refers to a probate matter, the rule would be the same in a case such as the one at bar.

In *Ribble v. Furmin,* 69 Neb. 38, 94 N. W. 967, the court said: "A petition in error in the district court to review a judgment or order of an inferior tribunal is an independent proceeding, having for its immediate object a reversal of the judgment or order complained of."

The term "Appeal," as defined in *Western Cornice & Mfg. Works v. Leavenworth,* 52 Neb. 418, 423, 72 N. W. 592, is a

process of civil law origin and removes a cause entirely, subjecting the fact as well as the law to a review and retrial. It is, in fact, granting a new trial upon the same issue in a higher court. The court added: "There is a clear distinction made in the Code of Civil Procedure of this state between proceedings by petition in error and appeal." The foregoing authority and cases cited therein clearly distinguish between a review on petition in error and an appeal.

We refer to the amended petition in error wherein the defendants contend that before the plaintiff may recover on a contract it must plead that all the conditions precedent to the contract have been performed or waived; that failure to do so bars recovery, and the petition states no cause of action. In support thereof the case of *Deering & Co. v. Claypool*, 2 Neb. (Unof.) 520, 89 N. W. 373, is cited, wherein the court said:

"The defendants prosecuted error to the district court, asking a reversal of the judgment of the county court, assigning as error the ruling on their objection to the sufficiency of the petition. The district court reversed the judgment, and, from such judgment of reversal, the plaintiff brings the case here on error.

"There is no error in the judgment of the district court. The petition is fatally defective, in one particular at least. Plaintiff sought to recover on an alleged contract, whereby itself and the defendants respectively undertook and agreed to do and perform certain acts. There is no allegation to the effect that the plaintiff has kept and performed its part of such contract, nor of any fact showing a valid excuse for the nonperformance thereof. That such omission is fatal is elementary."

Section 20-836, Comp. St. 1929, provides: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance."

Reviewing plaintiff's petition and applying the authorities

cited require us to hold that the demurrer to the petition should have been sustained.

Plaintiff filed a motion to strike the petition in error from the files, for the reason that defendants Berger failed to file an appeal bond within 10 days after the rendition of the judgment, May 8, 1940, as required by section 21-1302, Comp. St. 1929, which provides in part: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party * * * ." The undertaking for review in error was filed 82 days after rendition of the judgment. Secondly, defendants failed to file a transcript within 30 days from the rendition of judgment, as required by section 21-1303, Comp. St. 1929. The petition in error was filed 63 days after rendition of the judgment. The motion to strike was overruled. The court affirmed the judgment of the county court, acting under section 20-1909, Comp. St. 1929, "Review on Petition in Error."

The question presented by plaintiff is: Did the defendants properly bring the judgment of the county court before the district court for review? This requires an examination of the statutes. Sections 20-1901 to and including 20-1910, Comp. St. 1929, deal with "Review on Petition in Error." Sections 21-1301 to and including 21-1315, Comp. St. 1929, deal with "Appeals," as does section 27-540, Comp. St. 1929.

The authority relied on is *In re Estate of Mathews,* 125 Neb. 737, 252 N. W. 210. This case involved appeals only. The question was whether the appeal was taken from a final order; secondly, the administrator failed to furnish the bond ordered by the court. The cause was dismissed and the judgment affirmed in this court. In determining the case, this court construed section 20-1901, Comp. St. 1929, reading in part: "A judgment rendered, or final order made, by a county court, * * * may be reversed, vacated or modified by the district court," with sections 21-1301 to 21-1305, 21-1311, 21-1313, and 27-540, Comp. St. 1929, considering the same as one law and giving effect thereto, i. e., in pari

*materia.* The *Mathews* case is not authority for plaintiff's contention, as we have analyzed it. The only section of the statute appearing under "Review on Petition in Error" considered was section 20-1901, *supra.* The construing of the statutory provisions *in pari materia* related to appeals only.

The distinction and dissimilarity between a review on petition in error and an appeal have been heretofore pointed out, and we conclude that the provisions of the statute with reference to review on petition in error and appeals are not such as may be taken together and construed as if they were one law and effect be given to every provision. The plaintiff's contention in this respect must fail. The circumstances presented by this case make the following authorities applicable:

Section 20-1910, Comp. St. 1929, provides that, when a judgment of a justice court shall be reversed or set aside, "the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause shall be retained by the court for trial and final judgment, as in cases of appeal."

In *Maryott & McHurron v. Gardner,* 50 Neb. 320, 69 N. W. 837, this court held: "Where a judgment of a county court is reversed by a district court in a proceeding in error, the district court may retain such cause for trial." And in *Rogers v. Bodie,* 112 Neb. 672, 200 N. W. 799, it was held: "Where a judgment of a county court is reversed by a district court in a proceeding in error, on other than jurisdictional grounds, the district court should retain such cause for trial on the merits."

Other assignments of error are without merit.

For the reasons stated in the opinion, the case is reversed and remanded to the district court, with instructions to retain the case on proper pleadings for trial.

REVERSED.