DODGE COUNTY ET AL. V. THOMAS R. ACOM ET AL.

FILED JUNE 9, 1904.   No. 11,707.

1. County Board: ASSESSMENTS: DRAINAGE DITCHES.   The county
   board, in fixing the assessments to pay for the construction of
   a drainage ditch, under the provisions of article 1, chapter 89,
   Compiled Statutes, 1899, acts judicially.

2. Review: ERROR.   From its judgment and orders in that behalf,
   error will lie to the district court, and the judgment of that court
   may be reviewed on such proceedings in this court.

3. Findings.   On a petition in error from the judgment of the county
   board in such a proceeding, its findings and orders are entitled
   to the same weight as the verdict of a jury, or the findings and
   judgment of a court, and will not be reversed or set aside unless
   it appears that the evidence is insufficient to sustain them and
   they are clearly wrong.

4. Former opinion, 61 Neb. 376, adhered to.

ERROR to the district court for Dodge county: JAMES
A. GRIMISON, JUDGE. *Rehearing. Former opinion adhered
to.*

*Grant G. Martin, C. C. McNis!. Frank Dolezal* and
*Robert J. Stinson,* for plaintiffs in error.

*E. F. Gray* and *George L. Loomis, contra.*

BARNES, J.

Our former opinion in this case appears in 61 Neb. 376.
A rehearing was allowed, and the case was argued the
second time before the commission.   Since that time one
or more opinions have been written, but we have been
unable to approve of any of them; therefore the case is
again considered by the court.

On a careful examination of the record, we are satisfied
with our former opinion on the question of the jurisdiction
of the county board to locate the ditch and levy the assess-
ments, and decline to again consider that matter. However,

we will briefly review the questions relating to the method of procedure in such cases, and determine whether the assessments fixed by the county board in this case should be permitted to stand. It is claimed that in our former opinion the 98 objectors were all placed on the same footing, and, because the evidence showed that some of them were benefited by the construction of the ditch, therefore the objections of all were overruled. We do not so understand the opinion. It appears that all the objectors joined in one petition in error, and, strictly speaking, we might well have followed the rule, so often announced, that where the judgment is right as to one of the joint plaintiffs it must be sustained as to all of them. It seems, however, that the objections and assignments of error, although all of them are in the same terms, were specifically made on behalf of each of the plaintiffs in error, and were so considered on the former hearing. The board, in fixing the assessments in such cases, acts judicially, and therefore its decision may be reviewed by the district court on a petition in error; and, of course, error will lie from the decision of that court to this. This was the procedure adopted in *County of Dakota v. Cheney*, 22 Neb. 437, and in *State v. Colfax County*, 51 Neb. 28. Again, on principle, a party to a suit would be entitled to prosecute error where no appeal is provided for. The act in question provides for an appeal from certain of the findings and orders of the board, but not from the order fixing the assessments. One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for. In such error proceedings the orders of the county board will be given the same weight and conclusiveness as the verdict of a jury, or the findings and judgment of a court, and will not be reversed or set aside unless it clearly appears that the evidence fails to sustain them. With this rule in view, we will now consider the contention of counsel that at least some of the objectors are entitled to have the assessments set aside, because

Dodge County v. Acom.

their lands receive no benefit from the construction and maintenance of the ditch.

It is strenuously urged that the lands lying west of the ditch, and at a higher level, are not benefited, because the natural drainage is toward the east and away from such lands.    The original determination of this question is confided to the county board, and we can only consider it according to the rules which obtain in error proceedings. The judgment of the board thereon is final and conclusive, provided it is sustained by the evidence.    It therefore only remains for us to ascertain whether there was sufficient competent evidence before the board in this case to justify its conclusions and sustain its judgment.    It appears from the record that the general character of the land in question is flat and level, with a slight fall or natural drainage to the east; that this drainage is somewhat obstructed by lateral ridges and by ditches excavated in the construction and repair of the county roads running through it.    The land is covered with swales and depressions, where the waters accumulate and slowly seep away or evaporate.    It is a matter of common knowledge that drainage benefits such land, but the manner and extent of such benefits are best known and understood by engineers, who are experts in the matter of sanitation and land drainage.    Therefore when the engineer in charge of such work has examined the lands, has made his estimates, and reported them to the county board, in the absence of fraud, such report ought to, and does, furnish *prima facie* evidence of the benefits which will accrue to each tract of land, and such evidence is sufficient to sustain the orders of the board, unless it is overcome by competent proof to the contrary.    The engineer who had charge of the improvement in question, in addition to his findings and report, stated on the witness stand that all the lands included in his report would be benefited, and that he did not know of a foot of that land but what the water falling on it would get into the ditch.    It does not necessarily follow that, because some of the land does not lie on or touch·

ing the ditch, such land will not be benefited by its construction and maintenance. Where bottom land, like that described by the evidence herein, is saturated and filled with water, it takes a long time, in the course of natural drainage, or by evaporation, for it to dry and become fit for cultivation. If, however, it is situated near a well constructed ditch, the land adjacent to and touching the ditch will quickly be drained of its excess of water, and this will enable the waters falling upon adjacent lands to speedily work their way into the ditch; and such lands, though not joining or touching the ditch, will surely be benefited thereby.

It is neither necessary nor profitable to multiply reasons, because we think the statements contained in our former opinion show conclusively that there was competent evidence sufficient to sustain the findings of the board and the assessments against all of the lands in question therein. We are firmly of the opinion that the evidence contained in the bill of exceptions, together with the report of the engineer, was amply sufficient to justify us in reinstating the order of the board. Although there may be some conflict in the testimony, under the rule above announced, the order of the board should not be set aside for that reason. It follows that our former opinion was right, and is therefore adhered to.

FORMER OPINION ADHERED TO.

SEDGWICK, J., took no part in the decision.