CHARLES O. WHEDON, APPELLANT, v. LANCASTER COUNTY ET AL., APPELLEES.

FILED JUNE 8, 1906.  No. 14,406.

Taxation: LEVY: APPEAL. The statutes of this state make no provision for an appeal from the order of the county board in making the tax levy provided for by section 136, art. I, ch. 77, Comp. St. 1903; and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review such order.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE.  *Affirmed.*

*Charles O. Whedon, pro se.*

*J. L. Caldwell, F. M. Tyrrell* and *Charles E. Matson, contra.*

BARNES, J.

The facts presented by this appeal are substantially as follows:  It appears that the board of equalization of Lancaster county completed its labors for the year 1904 within the time fixed by statute, and thereafter, on the 7th day of July, the county board levied taxes to the amount of 15 mills on the dollar of the assessed valuation of the property of said county.  No objections were made to such levy, and no complaint in relation thereto was ever filed with or presented to said board by any one.  On the 21st day of July, 1904, one Charles O. Whedon, a resident taxpayer of said county, gave notice of an appeal to the district court from the order constituting such levy of taxes, filed his bond, obtained a transcript of the proceeding in question, filed the same in the district court for said county,

and caused his appeal to be docketed by the clerk of said court.. Thereafter, and in due time, he filed his petition, setting forth, in substance, the assessed valuation of the county for the year 1903, the amount of the taxes for that year, together with a statement of the sum of money necessary to properly conduct the business of the county, and alleged that the levy for 1903 was largely in excess of the amount necessary to properly conduct the county affairs. The petition also contained a statement of the assessed valuation of the property of the county for the year 1904, the amount of the levy complained of, the sum of money that such levy would produce in each of the several funds of the county, the amount necessary to conduct its governmental affairs, and alleged that the levy was excessive, extravagant, exorbitant and illegal, because there would be raised thereby a sum of money largely in excess of the needs of the county. Without quoting the petition, it is sufficient to say that it contained averments which were probably sufficient to constitute a cause of action to restrain the board from making a portion of the tax levy in question, or to recover taxes levied for an illegal purpose where paid under protest. The appellees, including the county board, demurred to the appellant's petition on the ground, among others, that the district court was without jurisdiction of the subject matter of the appeal. The demurrer was sustained for the reason, as stated in the judgment of the district court, "that the law does not authorize an appeal from the levy of taxes made by the board of county commissioners." The appellant excepted, elected to stand on his petition, declined to further plead, and judgment was rendered against him dismissing the appeal at his costs. From that judgment he brings the case to this court under our present statute regulating appeals.

The appellant contends that the statutes authorize an appeal from such levy, while the appellees insist that the law makes no such provision; and this is the principal question for our consideration. The right of appeal in this state is purely statutory, and, unless the statute provides

for an appeal from the decision of a *quasi* judicial tribunal, such right does not exist. With this rule in view, we come to examine the statutes defining the powers and duties of the county board in the matter of taxation, and the provisions contained in the present revenue law relating to appeals from the orders of that tribunal. Section 120, art. I, ch. 77, Comp. St. 1903, provides that "the county board, the county assessor, and county clerk, shall constitute the county board of equalization, and the county clerk shall be the clerk of said board." Section 121 provides for a session of the board, defines its powers and duties in regard to the equalization of the county assessments before the tax levy is made, and limits the duration of such session. It is provided by section 124 that "appeals may be taken from any action of the county board of equalization to the district court within twenty days after its adjournment, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county." And it is further provided that "the court shall hear the appeal as in equity and without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof, and any decision rendered therein shall be certified by the clerk of the court to the county clerk, who shall correct the assessment books in his office accordingly." This is the only provision authorizing an appeal from the orders of the county board of equalization. Section 136 provides that "on the last day of sitting as a board of equalization the county board (not the board of equalization) shall levy the necessary taxes for the current year, including all county, township, city, school district, precinct, village, road district, and other taxes required by law to be certified to the county clerk and levied by the county board." A careful examination of our present revenue law discloses that it contains no provision for an appeal from the order of the county board in making the tax levy. We therefore conclude that it was not the inten-

tion of the legislature to allow a taxpayer to appeal from
such order. In *Keokuk & Hamilton Bridge Co. v. People,*
185 Ill. 276, construing a statute very much like our own,
the court said:

"An appeal cannot be prosecuted as of right, but only
when authorized or granted by the statute. The provision
* * * (of the statute) which provides for an appeal
to test the correctness of the decision of the board on one,
only, of the contentions committed to it to decide, is a
denial, by implication, of the right to appeal from any
other of the decisions of the board."

The same rule, in substance, was announced in *Dutton
v. Board of Review,* 188 Ill. 386, and *In re Appeal of Wil-
merton,* 206 Ill. 15. The reason for our conclusion is made
clear by what was said by Chief Justice HOLCOMB in
*Hacker v. Howe,* 72 Neb. 385, where we find the following:

"An assessment means the determination of the value of
a man's property for the purpose of levying a tax; an
official listing of persons and property with an estimate of
the value of the property of each for purposes of taxation.
3 Cyc. 1111."

This clearly distinguishes the act of assessment from the
order constituting the tax levy. A proper and legal assess-
ment must first be made, and the value of the taxable
property of the county must be thus ascertained as a basis
for the subsequent act of levying sufficient taxes to conduct
the governmental affairs of the state, the county and its
several municipalities. So, the statute providing for an
appeal from the decision of the board of equalization in
certain matters of assessment can have no application
whatever to the subsequent action of the county board by
which the tax is levied. This would seem to be the view
entertained by the supreme court of Iowa in construing a
statute very like our own. *City Council of City of Marion
v. National Loan & Investment Co.,* 122 Ia. 629. Speaking
of a case where the jurisdiction of the court depended on
the right to appeal, the supreme court of Iowa said:

"No presumption can be entertained to the effect that

jurisdiction as to the subject-matter appealed from exists. The record must show it. As in the case of an appeal to this court, we can proceed only when it appears as an affirmative fact, established by matter of record, that a judgment has been rendered from which an appeal may be taken. And consent of parties—much less, mere silence on the part of the appellee—cannot be accepted as sufficient to take the place of a record showing the essential fact of jurisdiction." *Green v. Ronen,* 59 Ia. 83; *Groves v. Richmond,* 58 Ia. 54.

Again, it would seem clear that the legislature never intended to confer jurisdiction upon the courts by appeal to review or control the discretion of the county board in the matter of levying taxes. To grant the district court such powers would, in effect, substitute its discretion for that of the county board, the tribunal to which the statute has specifically committed that duty. So, we are of opinion that the right of appeal to the district court from an order of the county board in making the necessary tax levy under the provisions of section 137, art. I, ch. 77, Comp. St. 1903, does not exist, and therefore that court was without jurisdiction to hear and determine the matters set forth in the appellant's petition.

It follows that the judgment of the district court in sustaining the demurrer and dismissing the appeal herein was right, and it is therefore

AFFIRMED.