McCAGUE INVESTMENT COMPANY, APPELLANT, V. METROPOLITAN WATER DISTRICT, APPELLEE.

FILED NOVEMBER 17, 1917. No. 19665.

1. **Municipal Corporations: WATER DISTRICT: SPECIAL ASSESSMENTS: APPEAL.** The statutes of this state make no provision for appeal from the equalization and assessment of special taxes by a metropolitan water district, and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review the order made.

2. ——: ——: PROCEEDINGS IN ERROR. District courts have jurisdiction to review by proceedings in error an order by the board of equalization of a metropolitan water district.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Charles Battelle,* for appellant.

*John L. Webster* and *William R. King, contra.*

CORNISH, J.

The first question presented is whether appeal lies from the equalization and assessment of special taxes by a metropolitan water district, on lots abutting on its water mains. The trial court found that it did not.

Such districts are a separate body corporate, created by law, and may include (in this case did include) more than one municipality. They come under the provisions of the general law relating to water main extension or enlargement by districts. Rev. St. 1913, secs. 5263-5269. Section 5267, besides providing for assessment against abutting property and the manner of payment of the special taxes, concludes as follows: "Prior to the levy of such special taxes herein provided, the same shall be equalized in the same manner as is provided by law for the equalization of special assessments levied in such cities and villages."

The tax in controversy was on lots in the city of Omaha. Section 4343, Rev. St. 1913 (section 241, Omaha charter), provides in detail the manner of the city council sitting as a board of equalization, and provides that, after corrections have been made, the council at a regular meeting thereafter may, by ordinance, levy special assessments, which ordinance is made subject to appeal. It is to be remembered that the lots under consideration might have been situate in some other territory within the district, outside of the city of Omaha—might have been in South Omaha, whose charter had no such provision for appeal.

It is contended by plaintiff that, the lots being in the city of Omaha territory, and section 241 of the Omaha charter, providing for equalization of taxes, permitting ap-

peal from the final order of the city council, plaintiff is entitled to appeal. We think this is a *non sequitur*. The directors of the water district, or board, were the authority having power to make the equalization. A direction as to the "manner" in which equalization shall be made refers to "manner" alone. The right of appeal given in section 241 of the charter being an appeal from an ordinance by the city council, based upon the work done by the city's board of equalization, is a thing distinct from the "manner" of arriving at the benefits or equalization. The metropolitan water district of Omaha is a separate body corporate, and, if the legislature had intended to give the right of appeal from the findings of the board of directors, sitting as a board of equalization, it would have said so. Boards of this character have certain discretionary powers. A right of appeal substitutes the discretion of the appellate tribunal for that of the board to whom it has been specifically committed. This court has denied the right of appeal in such cases unless it is clearly shown to exist by statute.

In *Sioux City & P. R. Co. v. Washington County*, 3 Neb. 30, it was held that no appeal lay from the county commissioners, sitting as a board of equalization, although appeal did lie from the action of the county board on matters properly cognizable before them. The two boards, it was said, are separate tribunals.

In *Whedon v. Lancaster County*, 76 Neb. 761, an appeal from the action of the county board making a tax levy was denied, although appeal was allowed from the action of the county board of equalization, the court saying: "The right of appeal in this state is purely statutory, and, unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist."

In the instant case, the granting of the right of appeal from the ordinance of the city council of Omaha, a separate and distinct body from the water district, can have no reasonable reference to the powers which are or should be given to the water board. For other cases, bearing upon the question of the right of appeal from boards of this character, see *Webster v. City of Lincoln*, 50 Neb. 1; *Dodge Coun-*

*ty v. Acom,* 72 Neb. 71; *Wead v. City of Omaha,* 73 Neb. 321; *Keokuk & Hamilton Bridge Co. v. People,* 185 Ill. 276.

No doubt, the action of such a board may be reviewed by proceedings in error. *Munk v. Frink,* 75 Neb. 172; Rev. St. 1913, secs. 7880, 8175. It is not necessary to consider the other points raised in the case.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.