SAMUEL L. ROBERTS ET AL., APPELLANTS, V. CITY OF MITCH-
ELL, APPELLEE.

FILED NOVEMBER 6, 1936. No. 29722.

*F. J. Reed,* for appellants.

*Floyd E. Wright, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and MUNDAY, District Judge.

GOSS, C. J.

Plaintiffs brought to the district court error proceedings
from the city council of the city of Mitchell, sitting as a
board of equalization. The district court affirmed those pro-
ceedings and dismissed plaintiffs' petition, which had been
filed in the district court in accordance with a stipulation.
Plaintiffs appealed.

The proceedings before the city council, as shown by the
transcript therefrom (which was in turn included in the
transcript brought here), record the steps taken by the
council leading up to the paving, in paving district No. 2,
of a street in front of plaintiffs' properties, and the assess-
ment of the cost thereof against the properties of plaintiffs.

The section of the statutes giving power to the district
court to reverse, vacate or modify the judgment or order
of a "tribunal" like a city council, is section 20-1901, Comp.
St. 1929. Another section of the same chapter provides for
the review by the district court by a " 'petition in error,'
filed in a court having power to make such reversal, vaca-
tion or modification." Comp. St. 1929, sec. 20-1903.

Whether a proceeding shall be taken by appeal from a tribunal, clothed by the legislature with power to decide in the first instance, for review by the district court, is fixed by the statute creating such tribunal and giving it its powers. The right of appeal is purely statutory. Unless the statute provides for appeal in the specific instance under examination at any time, such right does not exist. So, in *McCague Investment Co. v. Metropolitan Water District,* 101 Neb. 820, 165 N. W. 158, it was held that the statutes make no provision for appeal from the equalization and assessment of special taxes by a metropolitan water district, and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review the order made; and in *Whedon v. Lancaster County,* 76 Neb. 761, 107 N. W. 1092, it was held that the statutes make no provision for an appeal from the order of the county board in making the tax levy, and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review such order.

In cities of the second class, the city council is the "tribunal" granted the specific power to make the assessments provided for in the preceding section of the same chapter, being assessments like those involved in this case. Comp. St. 1929, sec. 17-435. Nowhere in that section is an appeal provided by which the district court is granted jurisdiction to review by appeal the proceedings of a city council in a city of the second class in its findings, orders and judgments in making special assessments. Nor do we find such power elsewhere in the statutes. Such provision cannot be supplied by the courts. This is probably due to legislative oversight, because the right of appeal, rather than review by error proceedings, is granted by statute in the case of review of the acts of most other tribunals. We cannot amend the statute. It is not the function of the courts to make statutory law but to interpret such laws devised by the legislature. We respectfully call the attention of the legislature to this particular situation so, if it wish, it may grant the courts the jurisdiction lacking in the respect pointed out.

The question arises in this case in this novel way. Plaintiffs, recognizing the limitations of the statutes, brought proceedings in error from the city council to the district court. In that court they procured and filed a written stipulation with defendant in error, agreeing that all of the "objectors" might join in one petition; "that the issues may be made up in the district court by the filing as in an original action of a single petition on behalf of all of said parties and the answer of the defendant." Accordingly such petition and answer were filed, as if this were an appeal (rather than proceeding in error in the district court) or as if it were an "original action" in the district court. Some weeks before the case came on for trial, the parties in open court waived a jury trial. When the case was reached for trial, the court held that it was an error proceeding and it was argued and presented as such. It was taken under advisement, briefs were filed, and the court held that there was no provision for appeals in matters of this kind, that there were no errors in the record, ordered the proceedings of the city council in making the assessment and levy affirmed, and dismissed plaintiffs' petition.

Plaintiffs make a good argument in favor of the general rule that stipulations, which have for their purpose the avoiding of delay, trouble and expense of producing competent evidence on a trial, must be respected by a court. Generally stipulations limiting and defining the issues must be respected and followed by the court. But the stipulation here is not of that type. It is in the realm of jurisdiction and not merely affecting issues. The district court obtained and had jurisdiction of the case only as a proceeding in error. The stipulation undertook to give the court jurisdiction of the subject-matter as if it were an appeal or otherwise, in the language of the stipulation, as if it were an "original action." In other words, the stipulation undertook to furnish a jurisdiction that the legislature has so far failed to provide. Jurisdiction is not supplied in that way. The well-known rule is otherwise. It is stated in 15 C. J. 802, in these words: "It is not within the power of liti-

gants to invest a court with any jurisdiction or power not conferred on it by law, and accordingly it is well established as a general rule that, where the court has not jurisdiction of the cause of action or subject-matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement, or waiver"—citing many cases, including the following: *Edney v. Baum*, 70 Neb. 159, 97 N. W. 252; *Cizek v. Cizek*, 69 Neb. 800, 99 N. W. 28; *Whalen v. Kitchen*, 61 Neb. 329, 85 N. W. 278; *Crawford Co. v. Hathaway*, 61 Neb. 317, 85 N. W. 303; *Armstrong v. Mayer*, 60 Neb. 423, 83 N. W. 401; *Anderson v. Story*, 53 Neb. 259, 73 N. W. 735.

The court has jurisdiction of the case as an error proceeding and it properly refused to respect the stipulation of the parties that it should be considered and tried as an appeal proceeding, or as an "original action," whatever the parties contemplated by that term. This left the matter to be disposed of as a proceeding in error.

We have examined the transcript from the city council, found in the record, to see if we can discover some error of the city council. As to what might be considered evidential matter outside of the record made by the council, the transcript shows only the joint affidavit of two parties. This was on behalf of the objectors to the levy. It contains no facts but merely the conclusions that none of the real estate has been benefited by the paving, but has been damaged by the high grade on which the paving was constructed. The schedule of the assessments seems to indicate that each tract was assessed at the same rate a front foot, but nowhere in the record can we find any indication as to whether the land was or was not of a uniform grade or elevation and so we cannot say that discrimination exists as to the benefits or damages.

Other matters are argued in the briefs but it is not necessary for us to consider them. We think the judgment entered by the district court was compelled by the record. The judgment is

AFFIRMED.