LOUP RIVER PUBLIC POWER DISTRICT, APPELLANT, V. PLATTE
COUNTY ET AL., APPELLEES.

280 N. W. 430

FILED JUNE 15, 1938. No. 30286.

*C. N. McElfresh* and *August Wagner,* for appellant.

*Jesse L. Dougherty, George C. Holdrege, T. F. Hamer* and *Otto F. Walter, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is an appeal from the judgment of the district court denying the Loup River Public Power District the right to appeal or prosecute error from the action of the county board in the matter of the Looking Glass Drainage Ditch. This involves the construction of the statutes and their application to this particular case. Strictly stating the action of the trial court, it sustained the motions of the Union Pacific Railroad Company and the county of Platte to dismiss the appeal of the district and to strike the petition and dismiss its application for writ of certiorari.

The question presented here is the legal method of procedure from the county board to the district court by one dissatisfied with the assessment of benefits by said board in the establishment of a drainage district. The appellant in-

sists that it is entitled to appeal from the order of the county board (a) awarding compensation for land appropriated, and (b) allowing damages to property affected by the improvement. This right is given to it, states the appellant, by section 31-115, Comp. St. 1929, which is: "Any person or corporation feeling aggrieved thereby may appeal to the district court within and for the proper county, from any final order or judgment of the board made in the proceedings and entered upon their journal determining either of the following matters, to wit: * * * Third. The compensation for land appropriated. Fourth. The damage claimed to property affected by the improvement; which appeal may be taken and prosecuted in the manner provided by law for appeals from the decision of county board on claims against the county."

The drainage ditch involved here was established and constructed under the provisions of chapter 31, Comp. St. 1929. The district at least partially relied upon section 31-115, Comp. St. 1929. The right to appeal from the assessment of benefits by the county board in the creation of a drainage district is not given by section 31-115, Comp. St. 1929.

The nature of the appeal is questioned, and it is necessary to determine if this is an appeal from the assessment of benefits, or an appeal from the award of compensation of land appropriated, or allowing damages to property. The matter was before the county board of Platte county on the report of the engineers for the ditch. Neither the railroad nor the district had made any claim for damages. The summary of the engineer's report as to benefits, in so far as applicable to this case, is as follows:

| | |
|---|---|
| (a) District, canal right of way, 9,200 feet | $5,912.00 |
| (b) Railroad, right of way, 10,000 feet | 4,941.00 |
| (c) County, public roads, 15,300 feet | 1,800.00 |
| (d) Other property owners | 4,147.00 |
| Total estimated benefits | $16,800.00 |

The engineer's estimate of the cost of the ditch is:

| | |
|---|---:|
| Excavation | $ 6,370.00 |
| Right of way (Including $49.50 to R. R.) | 2,187.00 |
| Damages | 100.00 |
| Highway bridge | 1,800.00 |
| Railroad bridge | 3,491.00 |
| Raising railroad track | 1,450.00 |
| Culvert and bridge approaches | 200.00 |
| Engineering, advertising, etc. | 1,202.00 |
| Total estimate cost | $16,800.00 |

The engineer in his report added this note: "In order to make a just distribution of the costs of this project, the Union Pacific Railroad will maintain the railroad bridge over this ditch at their own expense; and all lands, etc., included in this apportionment, including the Union Pacific Railroad, will share proportionately in the costs of maintenance of all other parts of this project."

It is obvious from the summary of the report which appears in the transcript as a part of the petition that this is merely an estimate of the cost, and an assessment of the benefits against the various property owners, including the railroad and the district. The acceptance of the report by the county board was not such as comes within the purview of section 31-115, Comp. St. 1929, providing that an appeal may be made from the board to the district court. In such a case, an appeal from the board is specifically provided by section 20-1901, Comp. St. 1929, which provides: "A judgment rendered, or final order made, by a county court, justice of the peace or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

A part of the same chapter provides: "The proceedings to obtain such reversal, vacation or modification, shall be by petition entitled 'petition in error,' filed in a court having power to make such reversal, vacation or modification." Comp. St. 1929, sec. 20-1903.

This case is comparable to the late case of *Roberts v. City of Mitchell*, 131 Neb. 672, 269 N. W. 515. In that case the rule applicable was stated so well that we quote: "Whether a proceeding shall be taken by appeal from a tribunal, clothed by the legislature with power to decide in the first instance, for review by the district court, is fixed by the statute creating such tribunal and giving it its powers. The right of appeal is purely statutory. Unless the statute provides for appeal in the specific instance under examination at any time, such right does not exist. So, in *McCague Investment Co. v. Metropolitan Water District*, 101 Neb. 820, 165 N. W. 158, it was held that the statutes make no provision for appeal from the equalization and assessment of special taxes by a metropolitan water district, and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review the order made; and in *Whedon v. Lancaster County*, 76 Neb. 761, 107 N. W. 1092, it was held that the statutes make no provision for an appeal from the order of the county board in making the tax levy, and an attempt to prosecute such an appeal confers no jurisdiction on the district court to review such order."

A very similar case was presented to the court some years ago. When it was considered a second time, this court held in substance that, when a county board fixes assessments to pay for the construction of a drainage ditch, error will lie to the district court. *Dodge County v. Acom*, 72 Neb. 71, 100 N. W. 136. In that case language so applicable to the present case was used that it is repeated: "Again, on principle, a party to a suit would be entitled to prosecute error where no appeal is provided for. The act in question provides for an appeal from certain of the findings and orders of the board, but not from the order fixing the assessments. One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for."

Of course, no appeal lies from the assessment, but the appellant insists that this was more than a mere assessment of the benefits. This court does not share this opinion. This

cannot be an allowance of damages because neither the Union Pacific Railroad Company nor the Loup River Public Power District claimed or were awarded any damages in the matter.

In such cases error to the district court would be the proper remedy under the statutes. An appeal was attempted in this case, and when the trial court indicated that the appeal was not the remedy, the district made an attempt to change the proceeding by filing an amended petition to one seeking a writ. Of course, one cannot be deprived of the right of appeal, but that appeal must be prosecuted as provided by the statutes. This court does not state that the appellant has an adequate remedy by proceeding in error. That question is not before the court. But the appellant has not the right after the time has elapsed for prosecuting error to change a former appeal proceeding so that it will be an error proceeding and benefit from the time within which the wrong remedy was pursued. The instant case does not fail because of a procedural misconception, but because the evidence does not sustain the contention of the appellant. This is not a claim for compensation for land appropriated or a claim for damages to property affected by the improvement. A proceeding in error is the proper remedy under our statutes, and it must be taken within the time provided by statute.

AFFIRMED.