JENNIE H. HAYMAN, APPELLEE, V. CITY OF GRAND ISLAND, APPELLANT.

284 N. W. 733

FILED MARCH 10, 1939. No. 30474.

874

*Paul C. Holmberg* and *A. G. Abbott,* for appellant.

*H. G. Wellensiek, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

The defendant city of Grand Island levied a special assessment on plaintiff's property in that city to pay for the expenses and damages occasioned by the widening of a street. Plaintiff paid the tax and brought an original action to recover the same, alleging that the assessment was for an illegal purpose. Plaintiff recovered judgment for a part of the tax paid. Defendant appeals.

Prior to the events causing this litigation, Court street in the city of Grand Island was sixty feet wide to the west of Pine street. Sycamore street is immediately east of and parallel to Pine street. As originally platted, Court street did not extend east from Pine to Sycamore street.

In 1914 the owners of what is now the south half of Court street between Pine and Sycamore streets conveyed the same to the city of Grand Island for public street purposes. Court street, west of Pine street, was then sixty feet wide, and east of Pine street, was thirty feet wide.

The plaintiff is the owner of the property to the north

of Court street between Pine and Sycamore streets, upon which were located her home and two rental residence properties. The defendant is a city of the first class. By ordinance passed February 19, 1930, the defendant condemned the south thirty feet of plaintiff's property for street purposes, and thereby widened Court street to sixty feet from Pine street to Sycamore street. The property so taken was appraised, and plaintiff's damage determined to be $1,800. The defendant paid the amount to the plaintiff, and it was accepted by her. No complaint is made as to those proceedings.

The city council of defendant sat as a board of equalization to determine the benefits to plaintiff's property. Plaintiff appeared before said board and objected to the assessment of her property, claiming that no benefits accrued thereto as a result of the widening of said street. Defendant found that benefits did accrue to plaintiff's property, and, by ordinance passed November 19, 1930, levied special taxes to pay for the expenses and damage of widening Court street in accordance with the benefits so found. By that ordinance, defendant assessed a total of $1,053.30 against plaintiff's property. The remainder of the $1,800, paid plaintiff as damages, was assessed in relatively small amounts against several pieces of adjacent property.

On November 29, 1930, the defendant notified plaintiff of such special assessment; that it would become delinquent December 21, 1930, and that it would draw interest at the rate of 1 per cent. per month thereafter. On December 19, 1930, plaintiff paid said special assessments under protest, and so notified the treasurer of the defendant. Plaintiff gave as her reasons, among others, that the special tax levied against her property was in excess of any benefits to said property; that it was a confiscation of said property without due compensation and without due process of law; that said property was not benefited by the widening of Court street; that the city was without legal authority to assess special taxes against the property; that they were invalid, inequitable, and unjust; that they were dispropor-

tionate to other taxes levied on other property so situated; that they were not levied in accordance with the benefits derived by the property, but were arbitrarily assessed; and for those reasons were illegal. Plaintiff demanded repayment within the time provided by law, and notified the city that, if it failed to repay said sum, legal proceedings would be started to recover the same. The defendant did not refund the taxes so paid. On February 7, 1931, plaintiff began this action, and service was had upon the defendant city on February 9, 1931.

Plaintiff did not prosecute her cause with diligence. The defendant did not insist upon a disposition of the action. Exactly seven years after the original petition was filed, the matter was put at issue upon plaintiff's second amended petition, an amended answer, and reply.

The amended petition recited the facts in detail, and concluded that "said special taxes are unauthorized, invalid, illegal, and confiscatory." Plaintiff prayed for the recovery of said special taxes so paid. Defendant's amended answer alleges the benefits it claims accrued to plaintiff's property, the finding of the board of equalization, the assessment, that no proceedings in error were had, and that the assessment thereby became final. The reply was a general denial. The case was tried in March, 1938.

Defendant objected to the introduction of any evidence, on the ground that the petition did not state a cause of action; that the plaintiff's remedy was to take the matter to the district court on error proceedings; that the plaintiff had not proceeded in that manner; that the present proceeding was a collateral attack; that the plaintiff's suit was prematurely brought, and that the petition does not show that the tax was for an illegal or unlawful purpose. Defendant moved for a directed verdict on substantially the same ground. The motion was overruled by the trial court. The jury rendered a verdict for the plaintiff in the sum of $777.44.

Defendant's motion for a new trial was overruled. In that motion, and on appeal in its errors assigned in this

court, defendant raises substantially these propositions: *First,* that the plaintiff should have appealed by error from the assessment of benefits made by the city council, and that an original action cannot be maintained to recover the tax; *second,* that the court erred in instructing the jury that, if they found that the special tax was in excess of the benefits accrued, they should include, in their verdict, interest on the amount of such excess; *third,* that the action was prematurely brought.

Section 77-1923, Comp. St. 1929, provides as follows: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof hereinafter levied, nor to restrain the sale of any property for the nonpayment of any such tax, except such tax or the part thereof enjoined be levied or assessed for any illegal or unauthorized purpose; nor shall any person be permitted to recover by replevin, or other process, any property taken or restrained by the county treasurer for the nonpayment of any tax, except such tax be levied or assessed for illegal or unauthorized purpose; but in every case the person or persons claiming any tax, or any part thereof, to be for any reason invalid, who shall pay the same to the county treasurer, may proceed in the following manner, viz.: First. If such person claim a tax, or any part thereof; to be invalid for the reason that the property upon which it was levied was not liable to taxation, or that the property has been twice assessed in the same year and taxes paid thereon, he may pay such taxes under protest to the county treasurer, or other proper authority, and it shall be the duty of the treasurer, or other proper authority receiving such tax, to give a receipt therefor stating thereon that they were paid under protest, and the grounds of such protest, whether or not taxable or twice assessed, and taxes paid thereon. * * * Second. If such person claim the tax or any part thereof to be invalid for the reason that it was levied or assessed *for an illegal or unauthorized purpose,* or for any other reason except as hereinbefore set forth, when he shall have paid the same to the treasurer, or other

proper authority, in all respects as though the same was legal and valid, he may, at any time within thirty days after such payment, demand the same in writing from the treasurer of the state, or the county, city, village, township, district or other subdivision, for the benefit, or under the authority, or by the request of which the same was levied, and if the same shall not be refunded *within ninety days* thereafter, may sue such county, city, village, township, district or other subdivision for the amount so demanded; and if upon the trial it shall be determined that such tax, or any part thereof, was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid, judgment shall be rendered therefor *with interest* and the same shall be collected as in other cases." (Italics ours.)

The provisions of this statute were analyzed in the case of *Chicago, B. & Q. R. Co. v. Nemaha County*, 50 Neb. 393, 69 N. W. 958. This court there held:

"It is very evident that the legislature has, by the foregoing section, provided two separate and distinct modes of procedure to obtain illegal taxes which have been paid under protest,—one by the presentation of a claim for such taxes, by the person paying the same, to the county board for audit and allowance, with the right of appeal from the decision provided for; and the other remedy being by suit at law to recover such taxes. But it will not escape notice that the method of procedure is determinable by the ground or grounds which render the taxes illegal. The first method provided in the section is limited to taxes imposed on property not subject to taxation, or to taxes rendered invalid by the reason of double assessment of the same property, *while suit* against the county, city, or other subdivision *is authorized* when the tax paid under protest was imposed for an *illegal* or unauthorized purpose, or for any reason other than for double assessment, or that the property was exempt from taxation, is invalid." (Italics ours.) That holding was affirmed by this court in *Chase County v. Chicago, B. & Q. R. Co.*, 58 Neb. 274, 78 N. W. 502.

This court had the matter specifically before it in the

case of *City of Omaha v. Hodgskins*, 70 Neb. 229, 97 N. W. 346. The procedure there used has been followed by the plaintiff in the instant case. This court there held that an original action could be maintained under the statute to recover illegal taxes which have been paid.

The case of *Cain v. City of Omaha*, 42 Neb. 120, 60 N. W. 368, is a case strikingly similar to the one at bar. There a street was opened, plaintiff's property taken, and the plaintiff was awarded damages in the sum of $3,010. The city council then assessed benefits in the sum of $2,000 against plaintiff's property, and the remainder was assessed in small sums over a large amount of property in the neighborhood. In that action, plaintiff brought suit for the recovery of the taxes under the provisions of what is now, in a modified form, section 16-628, Comp. St. 1929. The first paragraph of the syllabus of that case is:

"The only foundation for a local assessment lies in the special benefits conferred upon the property assessed, by the improvement to pay which the assessment is made, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation, *and therefore illegal.*" (Italics ours.)

The court further stated: "It is but just that where a portion of one's property is taken under circumstances allowing no deduction for benefits conferred upon the remainder, the remainder, if specially benefited, should bear its fair proportion of the cost of the improvement; but the courts will not permit municipalities to evade the provision of the Constitution, that the property of no person shall be taken or damaged for public use without just compensation, by paying the compensation and then under the guise of taxation taking it back from the person entitled." The rule announced in *Cain v. City of Omaha, supra,* has been repeatedly followed in subsequent decisions of this court.

This court in *Munsell v. City of Hebron,* 117 Neb. 251, 220 N. W. 289, stated: "The owner of property in a municipality cannot lawfully be assessed for a public improve-

ment thereon or adjacent thereto beyond the amount of the present benefit or such reasonably prospective benefit as such owner may derive from the improvement in question."

The plaintiff proceeded properly in filing an original action for the recovery of these taxes.

Defendant next contends that interest should not have been allowed. That contention is specifically answered by the statute itself which provides that the suing taxpayer shall recover judgment for the illegal or unauthorized taxes "with interest."

Defendant next contends that plaintiff's action was prematurely brought. The statute provides that the person claiming the tax to be illegal or unauthorized may make a demand within thirty days after payment for the repayment thereof, and that, if the same shall not be refunded within ninety days thereafter, the taxpayer may sue.

The demand for the refund was made December 19, 1930. The ninety-day period had not expired at the time plaintiff brought her suit. On March 9, 1931, the defendant filed a special appearance herein on the ground that "the court has no jurisdiction over the subject-matter." No ruling thereon is shown. November 6, 1931, plaintiff filed an amended petition. November 20, 1931, defendant filed a motion, and February 18, 1932, filed a demurrer to said amended petition. March 13, 1933, plaintiff filed a second amended petition. April 12, 1933, defendant filed a motion, and February 15, 1937, filed a demurrer. On May 15, 1937, the defendant answered. So far as we can determine from the record submitted, the question of prematureness was not raised until defendant filed its amended answer October 25, 1937, in which it was merely stated "that plaintiff's action is immaturely brought in any event."

"The premature commencement of an action is not a jurisdictional matter, but is one which may be waived, as by a failure seasonably to interpose an objection upon this ground; and it is ordinarily held that if defendant, without

objection, appears and pleads to the merits of the action, he cannot thereafter object that it was prematurely commenced." 1 C. J. 1152.

Without deciding whether or not the action was prematurely brought, we hold that that objection was waived.

We have examined the other assignments of error made by the defendant, and do not find that any substantial right of the defendant has been affected thereby.

The judgment of the district court is

AFFIRMED.