LOUP RIVER PUBLIC POWER DISTRICT, APPELLEE, v. PLATTE COUNTY, APPELLANT.

2 N. W. (2d) 609

FILED FEBRUARY 20, 1942. No. 31237.

*Jesse L. Dougherty,* for appellant.

*August Wagner* and *C. N. McElfresh, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This is an action in which the Loup River Public Power District sought to enjoin Platte county from collecting taxes assessed against it by the county board, in the sum of $5,912, for its proportion of the cost of the construction of Looking Glass drainage ditch. The district court held that the district was benefited to the amount of $3,400 only, and Platte county appealed, and the district cross-appealed.

The petition alleged that the plaintiff was a corporation, organized under Senate File No. 310, Laws 1933, ch. 86, with its principal place of business at Columbus, Nebraska, for the purpose of building and operating a hydroelectric power plant.

Plaintiff further alleged that the said drainage ditch does not touch the right of way of the plaintiff, and that the plaintiff has received no benefits whatever from the construction or operation of said drainage ditch. However, the county board assessed the plaintiff district for benefits in the amount of $5,912, and intends to levy additional taxes for future benefits unless restrained. Plaintiff alleges that the amount assessed is beyond the benefits conferred, and is taking property without compensation, in violation of section 21, art. I of the Constitution of Nebraska, and in violation of articles V and XIV of the amendments to the Constitution of the United States.

It is further alleged by the plaintiff that a hearing was had by the county board to determine the amount of the benefits, but the evidence was not taken down, and no bill of exceptions can be prepared, and as a bill of exceptions is indispensable for review the plaintiff's remedy by error proceeding is inadequate, and therefore plaintiff has no remedy at law for the protection of its property from such illegal assessment except by injunction.

When the plaintiff power district constructed its canal, it was obliged to carry flood waters westerly along the north line of its canal and empty them into the Looking Glass creek and by reason thereof property owners were benefited.

It is alleged that the action of the county board was not based upon the evidence, but the board arbitrarily fixed the amount of benefits, with full knowledge that the plaintiff had received no benefits from the construction of said ditch, and with full knowledge that farm land had received benefits greatly in excess of the assessments made against the land.

The plaintiff power district charges that, after the drainage ditch was constructed, certain persons diverted water into Looking Glass creek, flooding certain lands, and claims were made against the power district, and to eliminate this flood condition the power district did certain work, costing $5,122.13, and $1,800 worth of work still remains necessary to be done to prevent these lands from being flooded, and that this benefit to the property in the drainage district more than exceeded all the benefits to the power district in the construction of the drainage ditch.

The plaintiff power district prays that assessment be stricken from the tax rolls and the county enjoined from attempting to collect any part thereof, or, if the court should determine that the power district received any benefits, that the money expended by it be offset against the benefits so found to be derived, and the county enjoined from levying any assessment against its property that may be incurred in the completion or extension thereof, and that, if the court finds that future additions or extensions benefit

the plaintiff, it will be given credit against such benefits for the moneys by it expended in the construction of the drainage system, as hereinbefore described.

A motion to strike many portions of the petition, and then a demurrer, were both overruled by the court.

The defendant, Platte county, in its answer denied every allegation of the petition not admitted. It is admitted that the county, by virtue of article I, ch. 31, Comp. St. 1929, constructed Looking Glass Creek drainage ditch, and assessed as benefits the sum of $5,912 against the plaintiff power district; that the power district filed an appeal from the county board to the district court, which dismissed the appeal on the ground that no appeal lay from the county board to the district court on the assessment of benefits, and that the proper remedy was by writ of error, which was affirmed by the Nebraska supreme court.

The defendant county further alleged that the assessment was valid, legal, and binding on the plaintiff, and that the court has no jurisdiction to enjoin the collection in this proceeding, and prayed that the petition be dismissed.

A decree was entered by the district judge, finding that the plaintiff is entitled to equitable relief, and that the assessment of $5,912 is grossly excessive and should be reduced to the amount of $3,400, for which amount judgment was entered, with interest at 9 per cent. from June 15, 1936, and costs, which the defendant should add to the costs of construction of said improvement. The defendant, Platte county, objected to said reduction in the assessment, and the plaintiff power district excepts to the assessment in any amount.

Platte county relies for reversal upon the following errors: The overruling of the demurrer of the county; the overruling of the objection of the county to the introduction of any evidence; the overruling of the motion of the county to dismiss the petition made at the close of the plaintiff's evidence; the entering of a decree for $3,400; and overruling the motion for a new trial.

Many of the matters involved in this appeal were pre-

sented to this court in the case of *Loup River Public Power District v. Platte County,* 135 Neb. 21, 280 N. W. 430, and in the opinion in that case it was held that appeals from decisions of the county board, when it makes assessments to construct a drainage ditch, shall be by a petition in error, under section 20-1903, Comp. St. 1929, filed in the district court, to reverse, vacate or modify the assessments made for the cost of construction of such a ditch as was built in this case, and that an attempt to prosecute an appeal under section 31-115, Comp. St. 1929, confers no jurisdiction on the district court to review such an order, citing *Whedon v. Lancaster County,* 76 Neb. 761, 107 N. W. 1092; *McCague Investment Co. v. Metropolitan Water District,* 101 Neb. 820, 165 N. W. 158; *Dodge County v. Acom,* 72 Neb. 71, 100 N. W. 136.

Because of this former opinion involving this same drainage ditch, additional statements of facts need not be set out in full in this opinion. It appears that the former opinion was released by this court on June 15, 1938, and on April 1, 1939, the petition was filed in the case at bar, seeking to restrain Platte county from collecting the assessment which had been levied against the plaintiff, as a result of which the trial court reduced the amount of the assessment and restrained the county from collecting the balance.

The plaintiff insists that the decision in *Hayman v. City of Grand Island,* 135 Neb. 873, 284 N. W. 733, is ample authority for the proceeding brought in this case, and it is therefore necessary to examine that case with care.

The city of Grand Island widened a street, cutting off 30 feet, a row of large shade trees shading the houses, and also the sidewalk, from across the front of Mrs. Hayman's property, and for the cost of widening this street special taxes were levied against her property in the sum of $1,053.30. The appraisers awarded the plaintiff in the condemnation proceedings the sum of $1,800, which she accepted. She paid the taxes before the same became delinquent, and protested that they were illegal, and demanded repayment. On the same day she served notice on the city treasurer of her

intention to bring suit against the city for the recovery of said special taxes.

At the trial in the district court, the jury were instructed that the sole issue to determine was whether special benefits accrued to plaintiff by the widening of the street, and, if so, the amount thereof. The jury returned a verdict for the plaintiff in the amount of $777.44, and a judgment was entered thereon.

There were two sections of the statute involved, the first being section 16-628, Comp. St. 1929, and which applies to cities of the first class. The other provision is found in section 77-1923, Comp. St. 1929, which provides generally that, when it is claimed a tax is illegal, the taxpayer may pay the same to the treasurer and demand the refund of the same. *Chicago, B. & Q. R. Co. v. Nemaha County*, 50 Neb. 393, 69 N. W. 958. The *Hayman* case just discussed is entirely different from the one we have before us.

It is argued by the power district that the Platte county board in the case at bar did not have the evidence taken down, and that it would have been impossible to have secured a bill of exceptions, but it is not necessary that all of the evidence be taken on such a hearing. The attorney for the power district could have made up his own bill of exceptions of all the things upon which he desired to appeal, and if he had disclosed error in such bill of exceptions, no matter how incomplete it might have been, the district court could have proceeded with the case just the same as if a complete bill of exceptions had been filed. That was the phase presented to us and disposed of in 135 Neb. 21.

It is further argued by the district that the canal of the district is not contiguous to any other land against which assessments are levied, and we are cited to the case of *Drainage District No. 1 v. Village of Hershey*, 296 N. W. 879 (139 Neb. 205), to the effect that "All assessments made by a drainage district must be made on property specially benefited by the improvement, and no assessments for the improvement may be made on property outside of the district." However, the facts in that case show that it was an

attempt to collect for benefits to property not owned by the village of Hershey, and was obviously null and void.

But the section of the statute governing this matter reads as follows: "The county board shall also by their order direct the surveyor or engineer to make and return a schedule of all lots, lands, public or corporate roads, or railroads that will be benefited by the proposed improvement, whether the same are abutting upon the line of the proposed improvement or not, and an apportionment of a number of lineal feet and cubic yards to each lot, tract of land, road, or railroad, according to the benefits which will result to each from the improvement, and an estimate of the cost of location and construction to each, and a specification of the manner in which the improvement shall be made and completed." Comp. St. 1929, sec. 31-109.

Since 1881 this provision has been in force, and clearly provides that, if the land is benefited by the proposed improvements, it need not abut upon the line thereof.

Now, the evidence in this case shows that, to protect the canal of the district, a drainage ditch was constructed along the north side of the canal for more than a mile, and this water was led westerly and emptied into Looking Glass creek, just before the power district went under the creek in its siphon.

This drainage ditch along the north side of the canal was certainly a protection to the power district against flood water coming off from these farms, and by disposing of it into Looking Glass creek the district was benefited in having this flood water disposed of down the creek and by the new drainage ditch sent from Looking Glass creek directly to the Loup river; thereby it disposed of this extra load of water to the advantage of the power district.

The assessment of benefits of $5,912 against the power district was decided by the trial judge to be much larger than required to meet the actual benefits which the power district derived from the ditch. Even admitting that this assessment is much larger than it should have been, as the evidence in the bill of exceptions seems to support, yet this

court is powerless in this proceeding to correct the excessive assessment by an injunction proceeding when the statute clearly requires that such errors of the county board be corrected by a petition in error. This is so because under the law the assessment is not void, neither is it illegal, but it is claimed to be excessive; therefore, as the assessment was properly made by the county board, its error in fixing the amount too large cannot be corrected by this court in this proceeding at this time.

In our opinion, the trial court lacked the power to reduce this assessment in this injunction proceeding, and its decree is therefore set aside.

REVERSED.