HAROLD FROM ET AL., APPELLANTS, V. J. R. SUTTON ET AL., APPELLEES.

56 N. W. 2d 441

Filed January 9, 1953.   No. 33231.

*Torgeson, Halcomb & O'Brien,* for appellants.

*Richards & Richards,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Deuel County. It involves an appraisal of the improvements on school lands under and pursuant to the provisions of section 72-240.06, R. R. S. 1943.

This statute provides in part: "If the lease is made to a person other than the lessee, the value of all the improvements on the land shall be appraised by a majority of the members of the board of county commissioners or by three of the supervisors, * *·*.''

The factual situation making necessary such appraisal is as follows: Harold From and Hazel From were the owners of a 25-year lease on state school lands consisting of the west half of Section 16, Township 14 North, Range 45 West of the 6th P. M., in Deuel County; this lease, by its terms, expired on December 31, 1949; the Froms made application for a new lease under section 72-240, R. R. S. 1943; upon their application being received the Board of Educational Lands and Funds issued to them a new 12-year lease under and pursuant to the authority of the provisions of section 72-240.01, R. R. S. 1943; State ex rel. Ebke v. Board of Educational Lands and Funds, 154 Neb. 244, 47 N. W. 2d 520, determined all leases executed pursuant to and under the authority of those statutes were a nullity; as a result of that decision the Board of Educational Lands and Funds, on November 28, 1951, offered at public auction a 12-year lease on these lands; J. R. Sutton and Vera Mae Sutton were the high bidders at the sale, offering to pay a bonus of $3,100; and the Suttons were, upon application made in accordance with the bid, given a new 12-year lease commencing January 1, 1952.

The county commissioners of Deuel County thereupon appraised the improvements on this school land and, on January 28, 1952, filed their appraisal with the

county treasurer of Deuel County. Thereafter, on February 26, 1952, the Suttons filed in the office of the clerk of the district court for Deuel County a petition on appeal, notice of appeal, and a certified copy of the commissioners' report. Thereupon they caused summons to be issued and served on the Froms notifying them of that fact. The Froms' motions to dismiss the appeal were overruled and the court submitted the question of the value of the improvements to a jury. From the overruling of their motion for new trial and the entry of judgment on the verdict, the Froms have taken this appeal.

The first question presented by the appeal is, does section 72-240.06, R. R. S. 1943, provide for an appeal to the district court from an appraisement of improvements on school lands? The trial court treated the action taken by the Suttons as an appeal and tried the cause accordingly.

"An appeal is not a remedy to cure or remove an error in matter of law only, but it is a re-trial of the whole case upon the pleadings and proofs." Wilcox v. Saunders, 4 Neb. 569.

"The term 'appeal' is a process of civil law origin and removes the cause entirely, subjecting the fact as well as the law to a review and retrial." Consolidated Credit Corporation v. Berger, 141 Neb. 598, 4 N. W. 2d 571.

"* * * to obtain redress by appeal, the right to appeal must exist at the time; this right is not one at common law; it can only exist by statute, * * *." Wilcox v. Saunders, *supra.*

"The right of appeal in this state is purely statutory, and, unless the statute provides for an appeal from the decision of a quasi judicial tribunal, such right does not exist." Whedon v. Lancaster County, 76 Neb. 761, 107 N. W. 1092. See, also, Loup River Public Power Dist. v. Platte County, 135 Neb. 21, 280 N. W. 430; Roberts v. City of Mitchell, 131 Neb. 672, 269 N. W. 515.

"An appeal, in the technical sense of the term, is a remedy which exists only by force of statute and within the limits defined by statute." Pollock v. School District, 54 Neb. 171, 74 N. W. 393.

Section 72-240.06, R. R. S. 1943, insofar as an appeal from the appraisement is concerned, provides: "Either the lessee or the new lessee may, if he is dissatisfied with the appraisement, within thirty days after the filing thereof, appeal therefrom to the district court of the county in which the land is situated."

"The mode and manner of appeal is statutory, and a litigant who complies with the requirements of the applicable statute is entitled to a review of his case to the extent of the scope provided by law. Larson v. Wegner, 120 Neb. 449, 233 N. W. 253; Barney v. Platte Valley Public Power and Irrigation District, 144 Neb. 230, 13 N. W. 2d 120." Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533.

As stated in Larson v. Wegner, 120 Neb. 449, 233 N. W. 253: "* * * such appellate jurisdiction can only be conferred in the manner provided by statute."

In this regard, as stated in Roberts v. City of Mitchell, *supra*: "It is not the function of the courts to make statutory law but to interpret such laws devised by the legislature."

It seems self-evident that the Legislature intended, by the statute it enacted, to extend to any parties coming within the scope thereof the right to an appeal which would entitle them to a retrial of the whole cause but failed to provide any procedural method for lodging jurisdiction thereof in the district court. This failure of the statute to so provide defeats the right for, as already stated, the right to appeal together with the mode and manner thereof are purely statutory.

Appellees refer to the following provisions of section 72-240.06, R. R. S. 1943: "The new lessee, if he be other than the former lessee, shall within thirty days after the filing of the appraisement pay to the county treasurer

the amount of the appraisement. The state shall have a lien upon the funds so paid to the amount of any unpaid rent on such lands due and owing to the state from the former lessee. Within thirty days after the entry of the new lease the Board of Educational Lands and Funds shall notify the county treasurer of the amount due from the former lessee for rents, and thereafter it shall become the duty of the county treasurer, upon receipt from the new lessee of the amount of the appraisement, to pay to the state the amount due from the former lessee, and to hold the balance of such funds for the use of such former lessee. The new lease shall be revocable until the amount of the appraisement has been so paid."

We do not think this provision, which requires payment to be made by the new lessee of the amount of the appraisement within thirty days after it has been filed with the county treasurer, has any relation to the appeal provision although it is required to be made within the same period of time as provided for appeal; that is, "thirty days." Such payment is required in every instance regardless of whether either party is dissatisfied and seeks to appeal. Its purpose is twofold: One, to provide a method whereby the new lessee can make his lease irrevocable and, with safety, go into possession; and the other, to secure to the state, before it permits the new lease to become irrevocable, available funds, to the extent of the value of any improvements on the lands, for unpaid rents, if any, due under the former lease.

As stated in Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120: "Appellate jurisdiction of a case cannot be conferred upon a court by any action of the parties. The want of such jurisdiction may be taken advantage of at any stage of the proceedings. An appellate court cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by Constitution or statute." See, also, Roberts v. City of Mitchell, *supra*.

We find the trial court erred in handling the matter as an appeal. Having come to that conclusion we do not think it is either necessary or proper to discuss errors which it is claimed occurred in connection with the trial.

However this does not necessarily mean that the appellants' motion to dismiss should have been sustained for if what appellees did properly lodged the cause in the district court as an error proceeding the motion was properly overruled. We realize appellees did not suggest this theory to the trial court nor offer any proof on that basis. Neither do they make any claim on that basis in this court. But, as already stated, appellate jurisdiction is a matter of statute and lodges not by action of the parties but when the requirements of applicable statutes have been complied with.

Article I, section 24, of the Constitution of Nebraska provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied."

" 'One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for.' (Dodge County v. Acom, 72 Neb. 71, 100 N. W. 136.)" Loup River Public Power Dist. v. Platte County, *supra.*

" 'A petition in error in the district court to review a judgment or order of an inferior tribunal is an independent proceeding, having for its immediate object a reversal of the judgment or order complained of.' Ribble v. Furmin, 69 Neb. 38, 94 N. W. 967." Consolidated Credit Corporation v. Berger, *supra.*

Since section 580 of the Code of Civil Procedure is now section 25-1901, R. R. S. 1943, the following from Pollock v. School District, *supra,* is here applicable: "Section 580 of the Code of Civil Procedure authorizes the review by the district court, on petition in error, of judgments rendered or final orders made by a probate court, justice of the peace, or any other tribunal, board,

or officer exercising judicial functions, and inferior in jurisdiction to the district court. This provision affords an adequate remedy in such cases as the present."

In considering the statutory provisions relating to error proceedings the following principle should be adhered to: "The subjects of 'Review on Petition in Error' and 'Appeals' are so distinctively different and dissimilar that the provisions of the statute relating to each question cannot be taken together and construed as if they were one law and effect given to every provision." Consolidated Credit Corporation v. Berger, *supra.*

The question arises, what was the effect of what the appellees did? Appellants contend that what appellees did does not follow the statutory procedure provided in cases where an error proceeding is sought to be taken from a final order made by a tribunal or board exercising judicial functions as provided by section 25-1901, R. R. S. 1943.

In this respect the prayer of the petition filed by appellees asks that "the Court * * * reverse and vacate the final order of appraisement made and filed by the Board of County Commissioners of Deuel County, * * *." This is in accordance with the authority granted the district court by the foregoing statute.

It is contended that the appellees filed a "Petition on Appeal" whereas section 25-1903, R. R. S. 1943, requires they should have filed a petition in error. What a pleading may be denominated in the caption is not necessarily controlling. The character of a pleading is determined by its contents.

The foregoing statute also requires that the petition set forth the errors complained of. The petition sets forth appellees' contentions in 22 separate assignments, being identified by the letters from "a" to "v", inclusive. As examples are items "f" and "v":

"f. That the appraisel of the Trees, in the sum of $150.00, is arbitrary, unjust, excessively high, not reflective of the reasonable and true value of the said

trees, and that there is no provision in the statutes of the State of Nebraska, for appraising the trees as part of the improvements on said lands."

"v. That the appraisal of $831.00 for the breaking 277 acres is arbitrary, unjust, excessively high, and not reflective of the reasonable and true value of the said breaking, and in fact there is no provision in the Statutes of the State of Nebraska, for the appraisal of breaking ground as part of the improvements on said lands."

This meets the requirements of the statute: "* * * that each alleged error shall be specially set forth in the petition in error." Ainsworth v. Taylor, 53 Neb. 484, 73 N. W. 927.

Section 25-1905, R. R. S. 1943, requires that a transcript be filed with the petition containing the final order sought to be reversed, vacated, or modified. This the appellees did by filing a certified copy of the commissioners' appraisal filed with the county treasurer.

Section 25-1903, R. R. S. 1943, further provides that upon the filing of the petition "a summons shall issue and be served." This was done.

It is apparent that appellees, in their endeavor to lodge the matter in the district court, followed the procedure provided for error proceedings, none being provided in the statute providing for appeal. Since they did so the effect thereof was to bring the matter to the district court on error. It is on that basis that the district court should have considered the appellees' petition and the errors therein set forth after it overruled appellants' motions to dismiss.

As to the value placed on the various items contained in the appraisal, insofar as it was proper for the commissioners to include them, the following principle is applicable: "In such error proceedings the orders of the county board will be given the same weight and conclusiveness as the verdict of a jury, or the findings and judgment of a court, and will not be reversed or set aside unless it clearly appears that the evidence fails

to sustain them." Dodge v. Acom, 72 Neb. 71, 100 N. W. 136.

And as stated in Munk v. Frink, 81 Neb. 631, 116 N. W. 525, 17 L, R. A. N. S. 439: "In such a case the findings of the board should be upheld, unless it clearly appears that there is no evidence to uphold them."

In view of the foregoing we think appellees lodged this cause in the district court by error proceedings and that the trial court should have considered it on that basis.

As to the contention that the provision in section 72-240.06, R. R. S. 1943, that "The new lessee shall pay all costs of the appraisement" is controlling in both the district court and this court, we find it applies only in the first instance; that is, the original appraisal by either commissioners or supervisors, as the case may be.

In view of what has been said we reverse the judgment of the trial court and remand the cause to that court with directions that it consider the matter as an error proceeding.

REVERSED AND REMANDED WITH DIRECTIONS.